UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 19-54531-pjs |
| **Joseph G. DuMouchelle,** a/k/a Joe G. DuMouchelle and | Chapter 11 |
| **Melinda J. Adducci,** a/k/a Lindy J. Adducci, | Hon. Phillip J. Shefferly |
| Debtors. _____/ | |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7**

Daniel M. McDermott, United States Trustee, states:

**Preliminary Statement**

The United States Trustee seeks to convert this case because the Debtors have failed to insure valuable non-exempt assets, have failed to list in their schedules all of their creditors and litigation in which they have been parties over the past year, and have generally not complied with reasonable requests by the U.S. Trustee for documents and other information. The Debtors refused on Fifth Amendment grounds to verify their signatures on the petition, schedules and statement of financial affairs, to account for numerous pre-petition transfers of assets, and to specifically identify the location of valuable assets they previously claimed to own and have in their possession.

Between the Debtors, the Fifth Amendment was invoked about 125 times at the §341 meeting.

**Status of the Case**

1. This case was filed on October 11, 2019.

2. According to the schedules, the Debtors' assets consist of personal items, a residential estate and a vacant lot on Sanibel Island, Florida, jewelry, artwork, collectibles, and interests in LLC's and trusts.

3. The Debtors have insurance on the real property in Florida, but the policy provides insufficient insurance for the artwork, jewelry and other collectibles. The personal property coverage included in the real property insurance declarations provided to the U.S. Trustee is $100,000, while the value of the personal property itemized by the Debtors to the U.S. Trustee shows a value of over $465,000.

4. At the §341 meeting on November 18, 2019, the Debtors refused on Fifth Amendment grounds to verify their signatures on the petition, schedules and statement of financial affairs.

5. Cause exists for conversion of the case under 11 U.S.C. §1112(b)(1), (4)(C), and (4)(H).

6. Sections 1112(b)(1) and (b)(4)(C) and (H) state:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the

best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate...

(4) For purposes of this subsection, the term "cause" includes—
… (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

… (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any)[;].

**Background**

7. The Debtors are self-employed auctioneers/appraisers with a focus on high-end estates and diamonds and precious gemstones. The Debtor, Joseph DuMouchelle, according to his website:

> *... has more than 30 years of expertise in the buying, selling and appraisal of signed jewelry, important diamonds, colored stones and art works. In that time, we have established ourselves as one of the top buyers and sellers in the industry, and we are known for our integrity and a fierce commitment to our clients.*
> *But the tradition goes back even further, starting in 1927, when Joseph DuMouchelle's grandfather founded DuMouchelle Art Gallery, an auction house and gallery in Detroit, Michigan. Since then, the DuMouchelle name has been synonymous with estate transactions, procuring estate sales and purchases worldwide. Located in an historic building in the city's downtown district, the gallery is one of the oldest U.S.-founded auction houses. It has sold a wide array of valuable art work, furniture, objects and collectibles, including from [sic] paintings by Picasso and Monet, Louis XIV chairs, vintage Rolls Royce cars, Georg Jensen silverware and rock memorabilia.*

8. Melinda Adducci, according to her website:

> *... is a graduate gemologist, appraiser and jewelry expert with more than 35 years of experience in the jewelry and gemology fields. She holds a graduate gemology degree (G.G.) from the Gemological Institute of America (GIA) and is considered one of the leading experts in the industry, with a focus on signed estate, vintage and antique jewelry and important diamonds and colored gemstones.*
>
> *Melinda is one of the top certified jewelry appraisers in the U.S., with up-to-date accreditation in the Uniform Standards of Professional Appraisal Practice (USPAP), a Master Gemologist Appraiser® and Senior Appraiser with the American Society of Appraisers (ASA) and a member of the National Association of Jewelry Appraisers (NAJA). She also specializes in the buying, selling, private brokerage and auction of jewelry, gemstones and important objects d'art, having handled important pieces such as the estates of Matilda Dodge Wilson and Nat King Cole, and the 7.45-ct Harry Winston diamond engagement ring given to Marla Maples by her ex-husband, Donald Trump. She has also handled many important colored gemstones and diamonds, including a 13.24-ct D/Flawless diamond that sold for approximately $1 million.*

9. This bankruptcy filing was prompted by collection actions of judgment creditors. Many of the judgment creditors share a common theme: the Debtors' alleged breach of trust and fraudulent conduct in their business dealings with the creditors.

**The Debtors Have Not Timely Provided Information Reasonably Requested by the U.S. Trustee and Their Schedules Are Incorrect**

10. The U.S. Trustee has reasonably requested information about assets of the estate. For instance, the Florida real property is insured, but the loss payee is the Melinda Adducci Trust. The U.S. Trustee asked for the transfer documents to the trust, the trust documents, and asked that the schedules and SOFA be amended to

4
19-54531-pjs    Doc 33    Filed 11/20/19    Entered 11/20/19 17:55:55    Page 4 of 10

include the trust *weeks* before the §341 meeting. The insurance documents also need to be amended to reflect the Debtors as loss payees, not the Melinda Adducci Trust. None of these documents have been provided and the insurance loss payee remains unchanged as of the time of the §341 meeting.

11. The U.S. Trustee asked that the Debtors open "DIP" bank accounts. Proof of the opening of such accounts was requested by, but has not been provided to, the U.S. Trustee.

12. Bank statements and brokerage account statements going back twelve months prior to the filing have been requested but nowhere near completely produced by the Debtors.

13. The schedules list over $22.6 million in debt resulting from failed or fraudulent business transactions. But the Debtors have not listed all of their creditors. At least one more creditor need to be added to their schedules for another approximately $2.5 - $3 million.

14. The Statement of Financial Affairs ("SOFA") does not list all of the litigation in which the Debtors have been personally involved in the year prior to filing bankruptcy.

15. Although this case has been pending for five weeks, and the U.S. Trustee brought these deficiencies to attention of counsel of record weeks ago, no amended schedules have been filed.

### **Invoking the Fifth Amendment Prevents the Debtors from Acting as Fiduciaries**

16. Importantly, the Debtors refused to testify at the §341 meeting, on Fifth Amendment grounds, as to the whereabouts of any of their personal property except for their vehicles.

17. The Debtors invoked the Fifth Amendment at least 125 times between them as to any topic that had to do with the location, value, or transfer of property, among others topics.

18. Fed.R.Bankr.P. 1008 requires that all schedules lists, petition and statements filed in a bankruptcy case must be accompanied by a verified declaration as provided by 28 U.S.C. §1746. The Debtors' refusal to acknowledge and verify their signatures on the declarations on the petition, schedules and statement of financial affairs at the §341 meeting constitutes grounds to convert this case to a chapter 7 because the Debtors cannot act as fiduciaries.

19. Without a trustee, there is no way to reconstruct or verify the Debtors' assets, transfers and transactions. Assets of the Debtors may go undiscovered to the detriment of the creditors because of the Debtors' lack of transparency. *See In re Vaughan*, 429 B.R. 14, 28 (Bankr. D.N.M. 2010).

**Failure to Maintain Adequate Insurance**

20. The Debtors' counsel confirmed to the U.S. Trustee that there are no riders to the homeowner's insurance policy. The homeowner's insurance provides up to $100,000 on the personal property of the Debtors, which includes artwork, collectibles and jewelry valued by the Debtors at over $465,000. This alone constitutes cause for conversion under section 1112(b)(4)(C).

**Summary**

21. The Debtors' lack of transparency stemming from their invoking the Fifth Amendment privilege against self-incrimination – even as to their signatures on the petition, schedules and statements – means they cannot serve as trusted fiduciaries. The assets and prepetition transfers and transactions can be reconstructed only by a trustee. The inadequate insurance on personal property about which the Debtors refused to testify and the Debtors' failure to provide reasonably requested information to the U.S. Trustee constitute sufficient cause to convert this case to a chapter 7.

22. A proposed Order is attached as Exhibit A.

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an order converting this case to Chapter 7, and for such other relief as the Court deems appropriate.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By /s/ Leslie K. Berg
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7950
Leslie.K.Berg@usdoj.gov

Dated: November 20, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-54531-pjs

**Joseph G. DuMouchelle,**  Chapter 11
a/k/a Joe G. DuMouchelle and
**Melinda J. Adducci,**  Hon. Phillip J. Shefferly
a/k/a Lindy J. Adducci,

      Debtors.
_____/

## ORDER CONVERTING CASE TO CHAPTER 7

**THIS MATTER** came before the Court upon the Motion of the U.S. Trustee to convert this case. Notice was properly served upon the Debtor and Debtor's counsel and no response was timely filed or served upon the U.S. Trustee. The Court is otherwise fully advised in the premises. Accordingly,

**IT IS ORDERED** that the case is **HEREBY CONVERTED** to Chapter 7.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-54531-pjs

**Joseph G. DuMouchelle,**
a/k/a Joe G. DuMouchelle and
**Melinda J. Adducci,**
a/k/a Lindy J. Adducci,

Chapter 11

Hon. Phillip J. Shefferly

Debtors.
_____/

# CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2019, I served copies as follows:

1. Documents Served: *Motion to Convert Chapter 11, Ex Parte Motion for Expedited Hearing and to Shorten Time to Respond* and *Certificate of Service.*

2. Served Upon: Joseph G. DuMouchelle
Melinda J. Adducci
1221 Bowers #2595
Birmingham, Michigan 48012

3. Method of Service: First Class Mail

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9
By: /s/ Leslie K. Berg
Office of the U.S. Trustee
211 West Fort Street - Suite 700
Detroit, Michigan 48226
(313) 226-7950
Leslie.K.Berg@usdoj.gov

Dated: November 20, 2019