UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
**JOSEPH G. DUMOUCHELLE** and
**MELINDA J. ADDUCCI,**
        Debtors.
_____/

Case No. 19-54531
Chapter 7
Hon. Phillip J. Shefferly

**MARTY HARRITY,**
    Plaintiff
v

Adv. Proc No. _____

**JOSEPH G. DUMOUCHELLE** and
**MELINDA J. ADDUCCI**

_____/

## COMPLAINT FOR DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. § 523(a)(2)(A) AND (a)(6)

Plaintiff, Marty Harrity, by and through his attorney, Frank & Frank, PLC, and for his Complaint to Determine Debt to be Non-Dischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6), states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b).

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

3. Defendants/Debtors, Joseph G. DuMouchelle ad Melinda J. Adducci (hereinafter "Defendants") filed the above- captioned bankruptcy petition in this Court on October 11, 2019, and therefore venue is proper for Plaintiff's Complaint.

### PARTIES

4. Plaintiff is Marty Harrity.

5. Plaintiff is a judgment creditor of Defendants.

6. Defendants are the Debtors in the underlying bankruptcy proceeding and reside at 345 Cowry Court, Sanibel, Florida 33957.

## STATEMENT OF FACTS

7. Defendants induced Plaintiff to loan nine hundred thousand dollars ($900,000) to Defendants just over one year before filing for bankruptcy protection, as evidenced by a Promissory Note, attached as **Exhibit A** by claiming the existence of specific collateral which did not exist as collateral for such loan.

8. Defendants induced Plaintiff to extend the deadline for payment on the Promissory Note until less than six months before the Petition in this matter was filed, as evidenced by the renewal Promissory Note attached as **Exhibit B**.

9. Plaintiff received a Judgment against both Defendants in an amount in excess of $1,000,000 (attached as **Exhibit C**).

10. Defendants misled Plaintiff by making false statements as to solvency and ability to repay the loan.

### COUNT I -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

11. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 10 of this Complaint as if set forth at length herein.

12. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt--
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --
> (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

13. All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against the Defendants/Debtors, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

## COUNT II -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE

14. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 13 of this Complaint as if set forth at length herein.

15. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . .
> (6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

16. All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against the Defendants/Debtors, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtors within the meaning of Bankruptcy Code § 523(a)(6).

WHEREFORE, Plaintiff Marty Harrity, respectfully requests that this honorable Court deny Defendants' discharges pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6).

Respectfully submitted,

/s/Jerome D. Frank
Jerome D. Frank (P13634)
Matthew W. Frank (P66028)
Tami R. Salzbrenner (P83840)
Frank & Frank, PLLC
30833 Northwestern Hwy, Suite 205
Farmington Hills, Michigan 48334
(248) 932-1440
Dated: March 9, 2020

# Exhibit A

# PROMISSORY NOTE

August 3, 2018

FOR VALUE RECEIVED, the undersigned, Joseph DuMouchelle Fine & Estate Jewellers, LLC (hereinafter referred to as "Borrower"), whose address is 251 E. Merrill Street, Suite 236, Birmingham, MI 48009 promises to pay to the order of Marty Harrity whose address is 1263 Isabel Drive, Sanibel, FL 33957 (hereinafter referred to as "Note Holder"), the sum of Nine Hundred Thousand and 00/100 Dollars ($900,000.00) together with a guaranteed rate of return of 20% or One Hundred Eighty Thousand Dollars ($180,000), with payment of the entire principal and return by February 28, 2019. Collateral for this note shall be the jewelry collection comprised of pieces which includes a VCA diamond lady's bracelet with 15 emerald cut diamonds totaling approx. 21.25ct, a Cartier coral and black onyx carved pin, a D Flawless 8.25ct pear shape diamond ring and a pair of oval-cushion cut diamond earrings, approx. 8.05ct each, approx. 16.10ct total, F-G color, VVS2-VS1 clarity, diamond lady's necklace set with a center pear shape fancy yellow diamond at approx. 15.38ct, Fancy light yellow, VS1 clarity.

Prepayment. Borrower has the option of prepaying this Note in whole or in part at any time without any prepayment penalty. If the note is prepaid, the guaranteed rate of return amount of $180,000 shall be adjusted or prorate to the time the note remains outstanding.

Consent and Waiver. Borrower does hereby:

a. agree that no course of dealing or delay or omission or forbearance on the part of the Note Holder in exercising or enforcing any of its rights or remedies shall impair or be prejudicial to any of Note Holder's rights and remedies hereunder or to the enforcement hereof and that the Note Holder may extend, modify or postpone the time and manner of payment and performance of this Note without thereby releasing, discharging or diminishing its rights and remedies against any Borrower.

b. waive notice of acceptance of this Note, notice of the occurrence of any default hereunder or under any instrument securing this Note and presentment, demand, protest, notice of dishonor and notice of protest and notices of any and all action at any time taken or omitted by the Note Holder in connection with this Note or any instrument securing this Note.

Events of Default. Failure of Borrower to pay any principal, interest or any other sums required hereunder when due under this Note shall constitute a default hereunder as of the date said sum was due

Attorneys Fees. Borrower shall be responsible for all costs, including court costs and reasonable attorneys' fees, incurred by Note Holder as a result of any default by Borrower under the terms of this Note.

Florida Law. This Note is executed in and constitutes a contract under the laws of the State of Florida.

Headings. The headings of the paragraphs contained in this Note are for convenience of reference only and do not form a part hereof and in no way modify, interpret or construe the meaning of the parties hereto.

Payments. Payments shall be made payable to Note Holder at the address set forth above or such other address or bank wire as Note Holder may provide to Borrower in writing.

BORROWER: Joseph DuMouchelle, President
Joseph DuMouchelle Fine & Estate Jewellers, LLC

By: *Joseph DuMouchelle* (DocuSigned)
—1E08A67C695D431—

Melinda Adducci
By: *Melinda Adducci* (DocuSigned)
—1E08A67C695D431—

**EXHIBIT 1**

## Personal Guaranty

If BORROWER is a corporation, LLC, partnership, or other artificial entity, the undersigned person hereby personally and unconditionally guarantees punctual payment by BORROWER as required by this Agreement. The undersigned guarantor waives diligence, demand for payment, extension of time for payment, notice of acceptance of this guaranty, and indulgences and notice of every kind, and consents to any and all forbearances and extensions of the time for payment or performance under this Agreement and to any and all changes in the terms of this Agreement. NOTE HOLDER may enforce this guaranty without first resorting to or exhausting other remedies provided by the Agreement or the law. Guarantor agrees to pay all reasonable costs and attorneys' fees incurred by NOTE HOLDER in enforcing this guaranty. Guarantor signs this Guaranty in consideration of NOTE HOLDERS willingness to enter into this Agreement with BORROWER.

Joseph DuMouchelle

Guarantor: /s/ Joseph A. DuMouchelle

Melinda Adducci

Guarantor: /s/ Melinda Adducci

**EXHIBIT 2**

# Exhibit B

## PROMISSORY NOTE

Date: 3/17/19

FOR VALUE RECEIVED, the undersigned, Joseph DuMouchelle Fine & Estate Jewellers, LLC., (hereinafter referred to as "Borrower"), whose address is 251 E. Merrill Street, Suite 236, Birmingham, MI 48009, promises to pay to the order of Marty Harrity whose address is 1263 Isabel Drive, Sanibel, FL 33957 (hereinafter referred to as "Note Holder"), the sum of Nine Hundred Thousand and 00/100 Dollars ($900,000.00) together with a guaranteed rate of return of 20% or One Hundred Eighty Thousand Dollars ($180,000.00), with payment of the entire principal and return by 3/22/19 or sooner. Collateral for this note shall be the jewelry collection comprised of pieces which includes a VCA diamond Lady's bracelet with 15 emerald cut diamonds totaling approx., 21.25ct, a Cartier coral and black onyx carved pin, a D Flawless 8.25ct pear shape diamond ring and a pair of oval-cushion cut diamond earrings, approx.. 8.05ct each, approx.. 16.10ct total, F-G color, VVS2-VS1 clarity, diamond lady's necklace set with a center pear shape fancy yellow diamond at approx.. 15.38ct, Fancy light yellow, VSI clarity.

Prepayment. Borrower has the option of prepaying this Note in whole or in part at any time without any prepayment penalty. If the note I prepaid, the guaranteed rate of return amount of $180,000.00 shall be adjusted or prorate to the time the note remains outstanding.

Consent and Waiver. Borrower does hereby:

a. Agree that no course of dealing or delay or omission or forbearance on the part of the Note Holder in exercising or enforcing any of its rights or remedies shall impair or be prejudicial to any of Note Holder's rights and remedies hereunder or to the enforcement hereof and that the Note Holder may extend, modify or postpone the time and manner of payment and performance of this Note without thereby releasing, discharging or diminishing its right and remedies against any Borrower.
b. Waive notice of acceptance of this Note, notice of the occurrence of any default hereunder or under any instrument securing this Note and presentment, demand protest, notice of dishonor and notice of protest and notices of any and all action at any time taken or mitted by the Note Holder in connection with this Note or any instrument securing this Note.

Events of Default. Failure of Borrower to pay any principal, interest or any other sums required hereunder when due under this Note shall constitute a default hereunder as the date said sum was due.

Attorney's Fees. Borrower shall be responsible for all costs, including court costs and reasonable attorneys' fees, incurred by Note Holder as a result of any default by Borrower under the terms of this Note.

Florida Law. This Note is executed in and constitutes a contract under the laws of the State of Florida.

Headings. The headings of the paragraphs contained in this Note are for convenience of reference only and do not form a part hereof and in no way modify, interpret or construe the meaning of the parties hereto.

Payments. Payments shall be made payable to Note Holder at the address set forth above or such other address or bank wire as Note Holder may provide to Borrower in writing.

PERSONAL GUARANTEE:

BORROWER: Joseph DuMouchelle, President
Joseph DuMouchelle Fine & Estate Jewellers, LLC

BY: *(signature)* Joseph DuMouchelle

Melinda Adducci, Vice President
BY: *(signature)*

EXHIBIT 3

# Exhibit C

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                              CIVIL ACTION

MARTIN HARRITY,

    Plaintiff,

CASE NO. 2019-CA-2362

v.

JOSEPH DUMOUCHELLE FINE &
ESTATE JEWELLERS, LLC, JOSEPH
DUMOUCHELLE, Individually and
MELINDA ADDUCCI, Individually,

    Defendants.
_____/

## FINAL JUDGMENT

THIS CAUSE came before the Court on Plaintiff's Motion for Final Judgment on September 3, 2019, and the Court having reviewed the file, having heard legal argument of counsel, and otherwise being fully advised, it is hereby:

**ORDERED, ADJUDGED AND DECREED** that the Plaintiff, MARTIN HARRITY, 1263 Isabel Drive, Sanibel, Florida 33957 shall have and recover from Defendants, JOSEPH DUMOUCHELLE FINE & ESTATE JEWELLERS, LLC, JOSEPH DUMOUCHELLE, Individually and MELINDA ADDUCCI, Individually, the following amounts:

| | | |
|---|---|---|
| 1. | Principal balance | $ 900,000.00 |
| 2. | Interest (18%) from August 3, 2018 to September 3, 2019 (per diem $443.83) | $ 176,200.51 |
| | Total | **$ 1,076,200.51** |

making a total sum of **$1,076,200.51**, that shall bear interest at the prevailing statutory rate of 6.77% per year from this date through December 31 of this current year, for which let execution issue. Thereafter, on January 1 of each succeeding year until the judgment is paid, the interest rate will adjust in accordance with Section 55.03, Florida Statutes.

The Court shall retain jurisdiction to award attorney's fees and costs if appropriate.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants, JOSEPH DUMOUCHELLE FINE & ESTATE JEWELLERS, LLC, JOSEPH DUMOUCHELLE, Individually and MELINDA ADDUCCI, Individually as judgment debtors, shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), and include all required attachments, and serve it on the judgment creditor's attorney, within 45 days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed. This Court reserves jurisdiction for the entry of further orders that are proper to compel the Defendants, as judgment debtors, to complete Form 1.977 including all required attachments, and serve it on the judgment creditor's attorney, and for the assessment of additional attorney's fees and costs that may be incurred by Plaintiff in its efforts to collect this Judgment.

DONE AND ORDERED at Fort Myers, Lee County, Florida, this \_\_\_\_ day of _____, 2019.

*The Original of this document was signed SEP 03 2019 by Alane C. Laboda Circuit Court Judge*

_____
HONORABLE ALANE C. LABODA
Circuit Court Judge

Pursuant to Rule 1.080, service of the foregoing has been made on Sept 3, 2019, upon:

Douglas B. Szabo, Esq.
Henderson Franklin Starnes & Holt, P.A.
P.O. Box 280
Fort Myers, FL 33902-0280

Joseph DuMouchelle Fine & Estate Jewelers, LLC
180 N. Woodward Avenue
Birmingham, MI 48009

Melinda Adducci
180 N. Woodward Avenue
Birmingham, MI 48009

Joseph DuMouchelle
180 N. Woodward Avenue
Birmingham, MI 48009

/s/Kathleen Schneider
By:_____
      Judicial Assistant