UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda
J. Adducci

Debtors.
_____/

Chapter 7

Case No. 19-54531

Honorable Phillip J. Shefferly

**MEMORANDUM REGARDING
DEBTORS' OBJECTION TO TRUSTEE'S MOTION TO COMPEL**

Debtors state,

1. Since the initial hearing on the Trustee's Motion to Compel and for Sanctions, Debtor Joseph DuMouchelle has submitted a verified declaration in support of Debtors' objection to the Trustee's motion.

2. The gist of Mr. DuMouchelle's declaration is that he has substantially complied with the Trustee's subpoena and has provided all documents in his care, custody and control that are responsive.

3. Mr. DuMouchelle's declaration elaborates as to the 202 documents that he provided. The documents were provided on May 21, 2020, which was 3 days after the requested extension. Mr. DuMouchelle elaborated as to the reasons for why the response was delayed. As Mr. DuMouchelle stated,

> "Every effort was made to gather, organize, remove security, and deliver the items available in six weeks time versus the normal 4 weeks time. Given the unusual and extreme circumstances surrounding this time period, and to circumstances beyond my control, the motion and sanctions appear to be premature and out of place."

4. The Debtors have consistently asserted their fifth amendment privilege and do not believe that a three day delay materially prejudiced the Trustee in the administration of their chapter 7 case. It appears that the Trustee is not inclined to set the 2004 examination for the Debtors until after Debtors have waived their fifth amendment privileges so that the 2004 examination can be effective. Debtors are still in the process of attempting to negotiate a plea agreement for Mr. DuMouchelle, and Debtors do not contemplate waiving their fifth amendment privileges until no earlier than when a contemplated plea agreement will be consummated.

5. Debtors have terminated the services of undersigned counsel, subject to Court approval. The hearing on undersigned counsel's motion to withdraw is set for 6.10.2020. Mr. DuMouchelle has indicated that he is in the process of interviewing prospective substitute counsel and requests an extension of any relevant dates being set until he has the input of counsel of his choice.

6. Debtors believe that the proper standard is found in Fed.R.Civ.P. 45 and not Fed.R.Civ.P 37 as the subpoena was not submitted as a request to produce documents. Under Fed.R.Civ.P. 45(g), which governs subpoenas,

> "(g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

7. Debtors believe that "adequate excuse" has been averred to the extent required.

WHEREFORE, this Court should deny the Trustee's motion to compel.

Respectfully submitted,

/s/ Robert N. Bassel
Robert N. Bassel, P48420
POBox T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com
Counsel for Debtors

Dated: 6.4.2020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda J. Adducci

Debtors.
_____/

Chapter 7

Case No. 19-54531

Honorable Phillip J. Shefferly

**PROOF OF SERVICE OF**
**MEMORANDUM IN SUPPORT OF DEBTORS' OBJECTION TO TRUSTEE'S MOTION TO COMPEL**

Undersigned counsel states,

1. I served a copy of the above-referenced document upon counsel of record via the ECF system on 6.4.2020:

Respectfully submitted,
/s/ Robert N. Bassel
Robert N. Bassel,
P48420 POBox T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com
Counsel for Debtors

Dated: 6.4.2020