## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

JOSEPH G. DUMOUCHELLE, AND                    Case No. 19-54531-PJS
MELINDA J. ADDUCCI,                           Chapter 7
                                              Hon. Phillip J. Shefferly

         Debtors.

_____/

## MOTION OF EAST CONTINENTAL GEMS, INC. TO COMPEL ABANDONMENT AND FOR RELIEF FROM STAY (OR CONFIRMING THE ABSENCE OF A STAY)

**NOW COMES** East Continental Gems, Inc. ("ECG"), by and through its attorneys, Silverman & Morris, P.L.L.C., and hereby moves for the entry of an order requiring the Trustee to abandon certain property, and for the entry of an order either lifting the automatic stay, or confirming that the stay does not apply. In support of its motion, ECG states as follows:

1.     Attached hereto as Exhibit "1" is a proposed order granting this Motion.

2.     Attached hereto as Exhibit "2" is a Notice of Motion and Opportunity to Object.

3.     Attached hereto as Exhibit "3" is a Brief in Support of Motion of East Continental Gems, Inc. to Compel Abandonment and for Relief from Stay (or Confirming the Absence of a Stay).

4.    Attached hereto as Exhibit "4" is a certificate of service.

5.    The Debtor, Joseph G. DuMouchelle ("Mr. DuMouchelle") commenced this case by filing a Chapter 7 bankruptcy petition on October 11, 2019.  Fred J. Dery was appointed as the Chapter 7 Trustee.

6.    Mr. DuMouchelle is the sole member of Joseph DuMouchelle Fine & Estate Jewellers, LLC ("LLC").

7.    The LLC and Mr. DuMouchelle were widely recognized jewelry auctioneers, and were generally known to sell jewelry belonging to others.  Their offices were located at 251 East Merrill Street, Suite 236, Birmingham, Michigan 48009.

8.    On November 17, 2019, an involuntary bankruptcy petition was filed against the LLC by certain of its creditors.  An order for relief was entered against the LLC on December 16, 2019.

9.    On February 20, 2019, prior to the commencement of this case, ECG issued a consignment memorandum ("Consignment Memo") relating to a 3950 ELE Ring DI 3.88 DI 0.82 ("Ring"), valued at $810,000.00.  The Consignment Memo was addressed to Joseph Dumouchelle, 251 East Merrill Street, Birmingham, Michigan.  A copy of the Consignment Memo is attached hereto as part of Exhibit "6".

10. ECG had previously (and successfully) provided jewelry to the LLC/Mr. Dumouchelle for sale on consignment.

11. The Consignment Memo, regarding title, states, in part, "The merchandise described above is received on memorandum only, at the undersigned consignee's risk from all hazards, regardless of the cause of loss or damage, only for examination and inspection by prospective purchasers, upon the express condition that <u>all such merchandise shall remain the property of EAST CONTINENTAL GEMS, INC.</u> and shall be returned on demand, in full, in its original form." (emphasis added).

12. The Consignment Memo, regarding return upon demand, states "You further agree that possession of the merchandise described herein shall be returned immediately at your expense, upon demand by EAST CONTINENTAL GEMS, INC., and in the event the delivery of the same shall not be immediately returned to us, the same shall be subject to summary seizure by us by force or other process to which you hereby expressly consent."

13. The Consignment Memo, regarding no right to sell, states: "Consignee acquires no right or authority to sell, pledge, hypothecate or otherwise dispose of the merchandise, or any part thereof, by memorandum or otherwise, it being expressly [understood] that regardless of other transactions or prior trade customs, no credit is extended with respect to this merchandise. A sale of all or

any portion of the merchandise shall occur only if and when consignee shall have received from EAST CONTINENTAL GEMS, INC., a separate invoice covering specific merchandise on the memorandum".

14. The Consignment Memo also provides that "Permission is granted to the consignor, the secured party herein, to file a U.C.C. financing statement without the consignee's signature . . . in which the consignor is the secured party and the consignee is the debtor securing said merchandise and the proceeds therefrom".

15. In accordance with the Consignment Memo, ECG shipped the Ring to Joseph DuMouchelle, 251 East Merrill Street, Birmingham, Michigan 48009. The Ring was delivered on February 21, 2019.

16. In April, 2019, UCC financing statements regarding the Ring were filed in Michigan, Florida, and New York. Copies of these financing statements are attached as part of Exhibit "6".

17. In or about March, 2019, ECG demanded the return of the Ring. Neither the LLC nor Mr. DuMouchelle returned the Ring.

18. On May 1, 2019, ECG commenced an action against Mr. DuMouchelle and the LLC for (*inter alia*) breach of contract, specific performance, and conversion. On November 6, 2019, a Default Judgment ("Judgment") was entered against the LLC. A copy of the Judgment is attached as

4

part of Exhibit "6". Pursuant to the Judgment, the Court (*inter alia*) determined that the Ring is the property of ECG, and ordered the LLC to return the Ring to ECG.

19. ECG filed a police report on May 9, 2019 with the Birmingham Police Department regarding the LLC/Mr. DuMouchelle's failure to return the Ring. A copy of that report is attached as part of Exhibit "6". Pursuant to the report, Mr. DuMouchelle told the police on or about May 14, 2019 that the Ring had not been sold, that he was still in possession of it, and that he would return the Ring.

20. Subsequent to the entry of the Judgment, ECG learned that, on February 26, 2019, Mr. DuMouchelle pawned the Ring with Zeidman's Jewelry & Loan ("Zeidman's"), in exchange for a loan of $75,000.00. A copy of the pawn ticket ("Pawn Ticket") is attached as part of Exhibit "6". Pursuant to the Pawn Ticket, the deadline for Mr. DuMouchelle to redeem the Ring was May 26, 2019. Mr. DuMouchelle failed to timely redeem the Ring.

21. On information and belief, the Ring is still in the possession of Zeidman's.

22. ECG has a cause of action against Zeidman's (and/or its transferee(s)) for the return of the Ring and/or damages.

23. ECG seeks an order from this Court requiring the Trustee to abandon the Ring and any potential cause of action against Zeidman's (and/or its

transferee(s)) relating to the Ring.  ECG also seeks an order from this Court either (i) lifting the automatic stay to allow it to pursue its claims against Zeidman's (and/or its transferee(s)), and/or to recover possession of the Ring, or (ii) an order determining that the stay does not apply.

24.     Pursuant to 11 U.S.C. § 554(b), the Court may, on request of a party in interest, require the Trustee to abandon any property of the estate that is burdensome to the estate, or that is of inconsequential value and benefit to the estate.

25.     The Ring and any cause of action against Zeidman's (and/or its transferee(s)) are of no value and benefit to the estate.  As more fully set forth in the brief submitted herewith, the Ring (and any cause of action relating thereto) is the property of ECG.

26.     First, title to the Ring never transferred to either the LLC or Mr. DuMouchelle.  The transaction was a true consignment, and title to the Ring was never relinquished by ECG.

27.     Second, ECG has already been adjudicated (by the Judgment) to be the owner of the Ring.

28.     Third, even if title did transfer (a matter not conceded by ECG), ECG has a perfected security interest in the Ring, and its claim (as evidenced by the

Judgment) of $875,731.03 (plus post-judgment interest) equals or exceeds the value of the Ring.

29. Fourth, because the time to redeem the Ring from Zeidman's has passed, Mr. DuMouchelle has no interest in the Ring (to the extent that he ever did), and it is not property of the estate in accordance with 11 U.S.C. § 541(b)(8).

30. Pursuant to 11 U.S.C. § 362(d), the Court may grant relief from the stay with respect to a stay of an act against property if the debtor lacks equity in the property, and the property is not necessary to an effective reorganization. In the event the stay is inapplicable, the Court may issue a "comfort order" pursuant to § 362(j) and LBR 4001-4.

31. As set forth above, Mr. DuMouchelle has no equity in the Ring (or any cause of action relating to the Ring). Moreover, because this is a Chapter 7 case, there is no reorganization.

**WHEREFORE**, ECG respectfully requests that the Court enter an order requiring the Trustee to abandon the Ring and any cause of action relating to the Ring, and either lifting the automatic stay or confirming that the stay does not apply with respect to the Ring and any cause of action relating to the Ring.

7

**SILVERMAN & MORRIS, P.L.L.C.**

By:    /s/ Karin F. Avery
        Geoffrey L. Silverman (P34011)
        Karin F. Avery (P45364)
Attorneys for East Continental Gems, Inc.
32300 Northwestern Hwy., Suite 215
Farmington Hills, MI 48334
(248) 539-1330   Fax: (248) 539-1355
silverman@silvermanmorris.com
avery@silvermanmorris.com

Dated:  August 19, 2020

8