## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtor(s)* | Bankruptcy Petition No. 19-54531-pjs Hon. Phillip J Shefferly Chapter 7 |

### DEBTORS' MOTION TO STAY MULTIPLE ADVERSARY PROCEEDINGS AND/OR TO EXTEND THE DEADLINE FOR DEBTORS TO RESPOND TO MULTIPLE ADVERSARY COMPLAINTS

**NOW COME** the Debtors, Joseph G. DuMouchelle and Melinda J. Adducci, ("Debtors"), by and through their counsel, JOHN R. FOLEY, P.C., who hereby request that this Court enter an order staying each of six (6) newly filed adversary proceedings against Debtors for three (3) months, or, in the alternative, extending the deadline for Debtors to respond to each adversary complaint for three (3) months, in substantially the form attached hereto as **Exhibit 1**.

Debtors, through their counsel, for their motion, state as follows:

### Background

1.     On October 11, 2019, Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code"), giving rise to the instant bankruptcy case, case no. 19-54531-pjs, pending in the United States Bankruptcy Court for the Eastern District of Michigan, before the Hon. Phillip J. Shefferly.

2.     On November 14, 2019, Joseph DuMouchelle was arrested. On

information and belief the complaint listed three alleged victims:

    a.  Thomas Ritter of North Dakota,

    b.  William Noble of Dallas, Texas, and

    c.  Jonathon Birnbach of New York.

    3.     On November 17, 2019, alleged creditors of Joseph DuMouchelle Fine & Estate Jewellers, L.L.C, ("DuMouchelle Jewellers") filed an Involuntary Chapter 7 Petition against DuMouchelle Jewellers, seeking to the force DuMouchelle Jewellers into Chapter 7 bankruptcy, giving rise to bankruptcy case no. 19-56239-pjs ("Business Case"), also pending in the United States Bankruptcy Court for the Eastern District of Michigan, before the Hon. Phillip J. Shefferly. The alleged creditors prevailed.

    4.     On December 4, 2019, the Personal Case was converted to Chapter 7.

    5.     The deadline for all creditors, (except the Chapter 7 Trustee of the Business Case,) to file §523 non-dischargeability adversary proceedings against the Debtors was September 30, 2020.

    6.     Prior to September 22, 2020, there were only 2 Adversary Proceeding cases against Debtors, *Harrity v. DuMouchelle et al* (20-04160-pjs) and *Gelov v. DuMouchelle et al* (20-04172-pjs).

    7.     The undersigned counsel was retained to defend Debtors in both the Gelov and the Harrity Adversary Proceedings.

8.     Since the Gelov and Harrity Adversary Proceedings, and before the September 30, 2020 deadline, six (6) additional creditors filed Adversary Proceedings against the Debtors:

    a.  filed on: September 22, 2020:

        i.  A-RON Resources, LLC, (20-04379-pjs)

        ii.  Aaron Mendelsohn, (20-04380-pjs)

        iii.  Thomas T. Ritter, (20-04381-pjs)

    b.  filed on: September 30, 2020:

        i.  John Ragard, (20-04386-pjs)

        ii.  William Noble Rare Jewels, LP, (20-04387-pjs)

        iii.  J.B. International, Inc. et al. (20-04388-pjs)

9.     Pursuant to Fed.R.Bankr.Pro. 7012, Debtors have 30 days from the date of the "issuance of the summons" in each case to respond to each adversary complaint. The "issuance of the summons" is the same as the filing date in each case.

10.     By way of this motion, Debtors are asking the Court to extend deadlines for responses in the above cases to at least January 30, 2020, an extension of approximately three (3) months in each case.

## Law & Rules

11.     Pursuant to 11 U.S.C. §105, the Court has broad power to, "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title."

12.     Pursuant to Fed.R.Bankr.P. 9006(b), the Court has specific power to enlarge time periods. The instant request falls within the scope of 9006(b)(1), which states:

> "… [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.] …"

## Argument & Request

13.     As outlined above, Debtors filed the Personal Case before Joseph DuMouchelle was arrested.

14.     In light of the potential and pending criminal matters, both Debtors have criminal counsel.

15.     On July 15, 2020, Debtors' counsel asked counsel for Plaintiffs in both *Harrity v. DuMouchelle et al.* (20-04160-pjs) and *Gelov v. DuMouchelle et al.* (20-04172-pjs) to stay the cases.

16.     The Harrity case has been stayed as such stay is in the interests of both justice and judicial economy. **Docket of 20-04160-pjs.**

17.     The parties on the Gelov case have agreed to a stay and are awaiting entry of an Order approving the stay. **Docket of 20-04172-pjs.**

18.     Debtor Joseph DuMouchelle recently entered into a Plea Agreement with the federal government, and Debtor is hopeful that this matter will be fully resolved soon.

19.     Further, Debtor Melinda Adducci is hopeful that resolution of Debtor Joseph DuMouchelle's issues will bring closure for her as well.

20.     Until then, however, Debtors must and will continue to assert their Fifth Amendment privilege.

21.     To that end, Debtors request that all adversary proceedings be stayed until January 30, 2021; with all dates and deadlines to be reset upon the expiration of the stay.

22.     As articulated above, DuMouchelle Jewellers is in bankruptcy with a Trustee overseeing it. Debtors/Defendants are both currently in an extended bankruptcy case (Case No. 19-54531-pjs), and both Debtors are subject to the watchful eye of the federal government, specifically the Department of Justice.

23.     Unlike in some cases, the Plaintiffs here can hardly make a legitimate argument for fear of dissipation of assets, since both the parties, and DuMouchelle Jewelers, are in active bankruptcy cases.

24.     Thus, there is no prejudice to Plaintiffs granting such a stay, whereas there would be substantial prejudice to the Debtors in failing to grant the say.

25.     Debtors will incur needless expense in litigating the adversary

proceedings before they are able to provide frank and full information necessary to adequately defend their interests. Any pleadings, motions, or other documents Debtors file in the adversary proceedings will likely require Debtors to amend and/or supplement the same after they are no longer required to assert their Fifth Amendment privilege.

26.    Furthermore, a delay will serve the interest of judicial economy. Debtors expect and plan to provide full and frank responses to discovery in each adversary proceeding as soon as they are free to do so without jeopardizing their Fifth Amendment privileges.

27.    If a delay is not granted, Debtors will incur needless expense in providing responses to discovery requests that they will need to amend or supplement once they are no longer required to supplement their Fifth Amendment privilege.

28.    After resolution of the criminal matters, Debtors will be able to testify fully, provide all relevant defenses, and provide full and frank information necessary to adequately defend their interests in the adversary proceedings.

29.    Unfortunately, however, until Debtor Joseph DuMouchelle's criminal matter is resolved, both Debtors must and will assert their Fifth Amendment privilege.

30.    Therefore, the criminal case constitutes good cause for the granting of

stay of proceedings.

      **WHEREFORE**, Debtors request that this Court enter an Order staying this case, in the form attached hereto as **Exhibit 1**.

                             Respectfully submitted,
                             **JOHN R. FOLEY, P.C.**
                             *Counsel for Debtors*

Date: October 14, 2020      By: /s/ Patrick A. Foley
                             Patrick A. Foley, Esq. (P74323)
                             18572 W. Outer Drive
                             Dearborn, MI 48128
                             Phone: (313) 274-7377
                             Fax: (313) 274-5946
                             Email: pafoley@jrfpc.net

# Attachment

# 1

# Proposed Order

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Debtor(s)*

Bankruptcy Petition No. 19-54531-pjs
Hon. Phillip J Shefferly
Chapter 7

## ORDER STAYING CASE

**THIS MATTER** having come before the Court on the motion of Debtors for entry of this Order; Notice having been properly served; the Court having reviewed the same; and the Court being otherwise duly advised in the premises;

**NOW THEREFORE;**

**IT IS HEREBY ORDERED** as follows:

1.     The following cases are hereby stayed for period of no less than three (3) months ("Stay Period") or until the Debtors are able to testify without invoking their Fifth Amendment rights:

      a.  A-RON Resources, LLC, (20-04379-pjs);

      b.  Aaron Mendelsohn, (20-04380-pjs);

      c.  Thomas T. Ritter, (20-04381-pjs);

      d.  John Ragard, (20-04386-pjs);

      e.  William Noble Rare Jewels, LP, (20-04387-pjs);

      f.  J.B. International, Inc. et al. (20-04388-pjs).

2. All dates and deadlines will be reset at the end of the Stay Period to reflect the time periods originally provided for in the 26(f) Report, including a discovery period of no less than 115 days.

**IT IS SO ORDERD.**

# Attachment

# 2

# Notice and Opportunity to Respond

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Debtor(s)*

Bankruptcy Petition No. 19-54531-pjs
Hon. Phillip J Sheffery
Chapter 7

**NOTICE OF MOTION AND OPPORTUNITY TO RESPOND**

**PLEASE TAKE NOTICE** that Defendants JOSEPH G. DUMOUCHELLE and MELINDA J. ADDUCCI, have filed with the Court a motion seeking either a stay of the following adversary proceedings:

a. A-RON Resources, LLC, (20-04379-pjs);
b. Aaron Mendelsohn, (20-04380-pjs);
c. Thomas T. Ritter, (20-04381-pjs);
d. John Ragard, (20-04386-pjs);
e. William Noble Rare Jewels, LP, (20-04387-pjs);
f. J.B. International, Inc. et al. (20-04388-pjs)

 for a period of three (3) months, or, in the alternative, seeking to extend the deadline for Debtors to respond to each adversary complaint for three (3) months, and to adjourn all other dates and deadlines accordingly.

**NOTE**: In the event that no response or objection is received to this Motion, Defendants intend to submit a proposed order to the Court <u>staying these adversary proceedings for three (3) months</u>.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

If you do **<u>not</u>** want the Court to grant Defendants' Motion, or if you want the Court to consider your views on Defendants' Motion, **<u>within 14 days</u>**, you or your

attorney must file the court a written response* or an answer*, explaining your position at:

- <u>United States Bankruptcy Court</u>, 211 W. Fort Street, 17th Floor, Detroit, MI 48226.

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above, and you must mail a copy to:

- <u>Patrick A. Foley, John R. Foley, P.C.</u>, 18572 W. Outer Dr., Dearborn, MI 48128.
- <u>Office of the U.S. Trustee</u>, 211 W. Fort St., Suite 700, Detroit, MI, 48226.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Debtors*

Date: October 14, 2020

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

*Response or answer must comply with FED. R. CIV. P. 8(b), (c) and (e).

# Attachment

# 3

# Brief in Support

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Debtor(s)*

Bankruptcy Petition No. 19-54531-pjs
Hon. Phillip J Shefferly
Chapter 7

## BRIEF IN SUPPORT OF DEBTOR'S MOTION TO STAY MULTIPLE ADVERSARY PROCEEDINGS AND/OR TO EXTEND THE DEADLINE FOR DEBTORS TO RESPOND TO MULTIPLE ADVERSARY COMPLAINTS

**NOW COME** the Debtors, JOSEPH G. DUMOUCHELLE and MELINDA J. ADDUCCI, (collectively "Defendants"), by and through their counsel, JOHN R. FOLEY, P.C., and in support of their Motion To Stay Multiple Adversary Proceedings and/or to Extend the Deadline for Debtors to Respond to Multiple Adversary Complaints state as follows:

## Background

1.     On October 11, 2019, Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code"), giving rise to the instant bankruptcy case, case no. 19-54531-pjs, pending in the United States Bankruptcy Court for the Eastern District of Michigan, before the Hon. Phillip J. Shefferly.

2.     On November 14, 2019, Joseph DuMouchelle was arrested. On information and belief the complaint listed three alleged victims:

   a.  Thomas Ritter of North Dakota,

b. William Noble of Dallas, Texas, and

c. Jonathon Birnbach of New York.

3.    On November 17, 2019, alleged creditors of Joseph DuMouchelle Fine & Estate Jewellers, L.L.C, ("DuMouchelle Jewellers") filed an Involuntary Chapter 7 Petition against DuMouchelle Jewellers, seeking to the force DuMouchelle Jewellers into Chapter 7 bankruptcy, giving rise to bankruptcy case no. 19-56239-pjs ("Business Case"), also pending in the United States Bankruptcy Court for the Eastern District of Michigan, before the Hon. Phillip J. Shefferly. The alleged creditors prevailed.

4.    On December 4, 2019, the Personal Case was converted to Chapter 7.

5.    The deadline for all creditors, (except the Chapter 7 Trustee of the Business Case,) to file §523 non-dischargeability adversary proceedings against the Debtors was September 30, 2020.

6.    Prior to September 22, 2020, there were only 2 Adversary Proceeding cases against Debtors, *Harrity v. DuMouchelle et al* (20-04160-pjs) and *Gelov v. DuMouchelle et al* (20-04172-pjs).

7.    The undersigned counsel was retained to defend Debtors in both the Gelov and the Harrity Adversary Proceedings.

8.    Since the Gelov and Harrity Adversary Proceedings, and before the September 30, 2020 deadline, six (6) additional creditors filed Adversary

Proceedings against the Debtors:

    a. filed on: September 22, 2020:

        i. A-RON Resources, LLC, (20-04379-pjs)

        ii. Aaron Mendelsohn, (20-04380-pjs)

        iii. Thomas T. Ritter, (20-04381-pjs)

    b. filed on: September 30, 2020:

        i. John Ragard, (20-04386-pjs)

        ii. William Noble Rare Jewels, LP, (20-04387-pjs)

        iii. J.B. International, Inc. et al. (20-04388-pjs)

9.     Pursuant to Fed.R.Bankr.Pro. 7012, Debtors have 30 days from the date of the "issuance of the summons" in each case to respond to each adversary complaint. The "issuance of the summons" is the same as the filing date in each case.

10.     By way of this motion, Debtors are asking the Court to extend deadlines for responses in the above cases to at least January 30, 2020, an extension of approximately three (3) months in each case.

### Law & Rules

11.     Pursuant to 11 U.S.C. §105, the Court has broad power to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12.     Pursuant to Fed.R.Bankr.P. 9006(b), the Court has specific power to

enlarge time periods. The instant request falls within the scope of 9006(b)(1), which

states:

> "… [W]hen an act is required or allowed to be done at or
> within a specified period by these rules or by a notice
> given thereunder or by order of court, the court for cause
> shown may at any time in its discretion with or without
> motion or notice order the period enlarged if the request
> therefor is made before the expiration of the period
> originally prescribed or as extended by a previous
> order[.] …"

## Argument & Request

13.     As outlined above, Debtors filed the Personal Case before Joseph

DuMouchelle was arrested.

14.     In light of the potential and pending criminal matters, both Debtors

have criminal counsel.

15.     On July 15, 2020, Debtors' counsel asked counsel for Plaintiffs in both

*Harrity v. DuMouchelle et al.* (20-04160-pjs) and *Gelov v. DuMouchelle et al.* (20-

04172-pjs) to stay the cases.

16.     The Harrity case has been stayed as such stay is in the interests of both

justice and judicial economy. **Docket of 20-04160-pjs.**

17.     The parties on the Gelov case have agreed to a stay and are awaiting

entry of an Order approving the stay. **Docket of 20-04172-pjs.**

18.     Debtor Joseph DuMouchelle recently entered into a Plea Agreement

with the federal government, and Debtor is hopeful that this matter will be fully

resolved soon.

19.     Further, Debtor Melinda Adducci is hopeful that resolution of Debtor Joseph DuMouchelle's issues will bring closure for her as well.

20.     Until then, however, Debtors must and will continue to assert their Fifth Amendment privilege.

21.     To that end, Debtors request that all adversary proceedings be stayed until January 30, 2021; with all dates and deadlines to be reset upon the expiration of the stay.

22.     As articulated above, DuMouchelle Jewellers is in bankruptcy with a Trustee overseeing it. Debtors/Defendants are both currently in an extended bankruptcy case (Case No. 19-54531-pjs), and both Debtors are subject to the watchful eye of the federal government, specifically the Department of Justice.

23.     Unlike in some cases, the Plaintiffs here can hardly make a legitimate argument for fear of dissipation of assets, since both the parties, and DuMouchelle Jewelers, are in active bankruptcy cases.

24.     Thus, there is no prejudice to Plaintiffs granting such a stay, whereas there would be substantial prejudice to the Debtors in failing to grant the say.

25.     Debtors will incur needless expense in litigating the adversary proceedings before they are able to provide frank and full information necessary to adequately defend their interests. Any pleadings, motions, or other documents

Debtors file in the adversary proceedings will likely require Debtors to amend and/or supplement the same after they are no longer required to assert their Fifth Amendment privilege.

26.     Furthermore, a delay will serve the interest of judicial economy. Debtors expect and plan to provide full and frank responses to discovery in each adversary proceeding as soon as they are free to do so without jeopardizing their Fifth Amendment privileges.

27.     If a delay is not granted, Debtors will incur needless expense in providing responses to discovery requests that they will need to amend or supplement once they are no longer required to supplement their Fifth Amendment privilege.

28.     After resolution of the criminal matters, Debtors will be able to testify fully, provide all relevant defenses, and provide full and frank information necessary to adequately defend their interests in the adversary proceedings.

29.     Unfortunately, however, until Debtor Joseph DuMouchelle's criminal matter is resolved, both Debtors must and will assert their Fifth Amendment privilege.

30.     Therefore, the criminal case constitutes good cause for the granting of stay of proceedings.

**WHEREFORE**, Debtors request that this Court enter an Order staying this case, in the form attached hereto as **Exhibit 1**.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Debtors*

By: /s/ Patrick A. Foley

Date: October 14, 2020

Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

# Attachment

# 4

# Proof of Service

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
    *Debtor(s)*

Bankruptcy Petition No. 19-54531-pjs
Hon. Phillip J Shefferly
Chapter 7

## PROOF OF SERVICE

Patrick A. Foley hereby certifies that on October 14, 2020, I did serve a copy of the foregoing *DEFENDANTS' MOTION TO STAY CASE OR TO EXTEND DISCOVERY AND ADJUST OTHER DATES AND DEADLINES*, including all attachments and exhibits thereto, upon the following persons via the Court's CM/ECF e-Filing system:

1. Karin F. Avery      Avery@SilvermanMorris.com

2. Robert N. Bassel,      bbassel@gmail.com,
robertbassel@hotmail.com
ecfbassel@gmail.com

3. Kimberly Bedigian      kbedigian@sbplclaw.com

4. Leslie K. Berg (UST)      Leslie.K.Berg@usdoj.gov

5. Howard M. Borin      hborin@schaferandweiner.com
jburns@schaferandweiner.com
nmack@schaferandweiner.com

6. Charles D. Bullock      cbullock@sbplclaw.com
lhaas@sbplclaw.com

7. Elliot G. Crowder      ecrowder@sbplclaw.com
lhaas@sbplclaw.com

8. Daniel A. DeMarco      dademarco@hahnlaw.com
cmb@hahnlaw.com

9. Fred Dery                fdery@fredjdery.com
MI39@ecfcbis.com
dcloven@fredjdery.com
fjd@trustesolutions.net

10. David Eisenberg      deisenberg@maddinhauser.com

11. Earle I. Erman        eerman@maddinhauser.com

12. Patrick Anthony Foley   pafoley@jrfpc.net
heidi@jrfpc.net
jesse@jrfpc.net

13. Jerome D. Frank      jfrank@frankfirm.com
admin@frankfirm.com
frankandfrankpllc@gmail.com
4142@notices.nextchapterbk.com

14. Matthew W. Frank     frankandfrankpllc@gmail.com
mfrank@frankfirm.com
min@frankfirm.com
4142@notices.nextchapterbk.com
admin@frankfirm.com

15. Ryan D. Heilman      ryan@wernetteheilman.com
aula@wernetteheilman.com

16. Kim K. Hillary         khillary@schaferandweiner.com
lfernandez@schaferandweiner.com

17. Shanna Marie Kaminski  smkaminski@varnumlaw.com
wrkyles@varnumlaw.com

18. Jennifer D. Larson      jdlarson@jrfpc.net
heidi@jrfpc.net

19. Morris B. Lefkowitz     pacerdocuments@gmail.com,
Lefkowitzlawgroup@gmail.com
LawLR71629@notify.bestcase.com

20. Bryan D. Marcus       bmarcus.x@gmail.com

21. Nathan D. Petrusak        ecf@orlaw.com
npetrusak@orlaw.com
atauck@orlaw.com

22. Karen L. Rowse-Oberle   krowse-oberle@brolawpllc.com

23. Deborah S. Rubin        drubin@jaffelaw.com
tneddermeyer@jaffelaw.com

24. Tina M. Runyan        tinarunyan@runyanlawgroup.com
ginar@runyanlawgroup.com
G61147@notify.cincompass.com

25. Tami R. Salzbrenner     tami@frankfirm.com,
frankandfrankpllc@gmail.com

26. Aaron J. Scheinfield     aaron@bk-lawyer.net,
jennifer@bk-lawyer.net

27. Craig S. Schoenherr     ecf@orlaw.com

28. Mark H. Shapiro        shapiro@steinbergshapiro.com
jbrown@steinbergshapiro.com

29. Glenn S. Walter         gwalter@honigman.com

30. Jonathan T. Walton     jwalton@fraserlawfirm.com
lfaussie@fraserlawfirm.com
dhefka@fraserlawfirm.com
mdyar@fraserlawfirm.com

31. Daniel J. Weiner         dweiner@schaferandweiner.com

32. Jay L. Welford          jwelford@jaffelaw.com
tneddermeyer@jaffelaw.com

Patrick A. Foley further certifies that on October 14, 2020 I did serve a copy of the foregoing *DEFENDANTS' MOTION TO STAY CASE OR TO EXTEND DISCOVERY AND ADJUST OTHER DATES AND DEADLINES*, including all

attachments and exhibits thereto, via first class mail to United States Trustee Leslie K. Berg at 211 W. Fort Street Ste 700, Detroit, MI 48226.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Debtors*

Date: October 14, 2020

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net