# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

        Chapter 7

Joseph G. DuMouchelle and
Melinda J. Adducci,        Case No. 19-54531-lsg

        Debtors.        Hon. Lisa S. Gretchko

_____/

## **SETTLEMENT EXHIBITS**

## SETTLEMENT AGREEMENT AND LIMITED MUTUAL RELEASE

This Settlement Agreement and Limited Mutual Release (the "Agreement") is entered into this ~~April 29, 2026~~ day of April, 2026, between Melinda Adducci ("Adducci") and Teodor Gelov ("Gelov", and collectively with Adducci, the "Parties" and each sometimes referred to individually as a "Party").

## RECITALS

WHEREAS, Adducci filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 11, 2019 (the "Petition Date") jointly with her husband, Joseph DuMouchelle ("DuMouchelle" and together with Adducci, the "Debtors"), Case Number 19-54531-lsg, in the United States Bankruptcy Court for the Eastern District of Michigan (the "Court"); and

WHEREAS, prior to the Petition Date, the Debtors and Joseph DuMouchelle Fine & Estate Jewellers, LLC ("DuMouchelle Jewellers") entered into a promissory note transaction with Gelov which became the source of certain claims by which Gelov initiated an adversary proceeding against the Debtors objecting to the dischargeability of Gelov's claims against the DuMouchelle Parties, Case Number 20-04172-lsg (the "Adversary Proceeding"); and

WHEREAS, DuMouchelle was previously dismissed from the Adversary Proceeding due to the fact that DuMouchelle waived his bankruptcy discharge; and

WHEREAS, after the Parties have considered the claims and defenses and the risks attendant to the balance of the litigation related to Adducci, the Parties agreed to enter into this Agreement;

NOW, THEREFORE, in consideration of the mutual promises and obligations contained herein, the Parties agree to be legally bound as follows:

## AGREEMENT

1.  **Recitals.** Each of the Recitals set forth in this Agreement are true and correct and incorporated in their entirety herein.

2.  **Liability Amount.** Subject to court approval of this Agreement, Gelov's nondischargeability claim in the amount of $2,862,715.00 (the "Liability Amount") shall be settled according to the terms of this Agreement.

3.  **Settlement Amount and Monthly Payment.** Adducci shall pay the amount of Eighty Four Thousand and 00/100 Dollars ($84,000.00) (the "Settlement Amount") to Gelov through consecutive monthly payments of One Thousand and 00/100 Dollars ($1,000.00) each ("Installment Payment(s)"), until the Settlement Amount has been fully paid, subject to the following terms:

    a.  Adducci shall make the first Installment Payment such that it is received on or before the 15th of the month immediately following the date of the Court's entry of an order approving the Agreement (the "First Installment Due Date"). Each

1

Installment Payment thereafter shall be paid each and every subsequent month such that it is received on or before the 15th of every month (the "Payment Due Date"). Each Installment Payment shall be sent to the following address: Attn: Ted Gelov, 14390 Clay Terrace Blvd., Suite 205, Carmel, IN 46032.

b.  Once the Settlement Amount has been paid in full, Gelov's claims against Adducci shall be fully settled, except only and specifically that the Inheritance provision outlined in Paragraph 4, below, shall continue until the 7-Year Anniversary, as defined in Paragraph 4, regardless of Gelov having been paid the Settlement Amount in full. However, once the Settlement Amount has been paid in full and the 7-Year Anniversary has expired, any entitlement by Gelov to the Inheritance and any obligations of Adducci related to the Inheritance, as well as any other obligations of Adducci under this Agreement, such as the Annual Disclosures (defined below), will extinguish in full.

c.  Adducci may pre-pay Installment Payments, to be applied against the Settlement Amount without penalty, however, any pre-paid Installment Payments shall not excuse any future Installment Payment obligation, until such time as the Settlement Amount is paid in full. Notwithstanding, Adducci may make advance Installment Payments provided she has designated such Installment Payments as an advance of one or more Installment Payments for a specified month or months.

4.  **Inheritance and DuMouchelle Recovery.** In addition to Adducci's payment of the Settlement Amount, in the event that on or before the seventh (7th) year anniversary date of the First Installment Due Date (the "7-Year Anniversary"), Adducci directly inherits or receives an amount of money or value that is the result of any distribution, transfer, payment of funds, assignment or disavowment of inheritance by DuMouchelle, related to the estates and trusts of Mary Jo DuMouchelle and/or Lawrence DuMouchelle, including any payments received by Adducci from such estates or trusts by or through DuMouchelle, or any of the Debtors' legal entities, relatives or affiliates, that would otherwise have been inherited by and paid to DuMouchelle (the "Inheritance"), then Adducci shall immediately disclose such Inheritance and upon receipt of the same, promptly turn over the Inheritance to Gelov. For avoidance of doubt, the term "Inheritance" shall apply only to property or value that Adducci personally receives from the estates of Mary Jo DuMouchelle or Lawrence DuMouchelle, whether directly or by assignment from Joseph DuMouchelle.

Any Inheritance paid to Gelov shall be credited against the Liability Amount. Any amount that Gelov collects from DuMouchelle voluntarily or by virtue of any private collection or government restitution actions (a "DuMouchelle Recovery," and together with the Inheritance, the DuMouchelle Recovery and the Installment Payments, the "Liability Payments") shall reduce the Liability Amount.

However, any Inheritance and any DuMouchelle Recovery that Gelov receives shall not reduce the Settlement Amount or otherwise excuse any Installment Payment, when due, except to the extent that the payment of any Inheritance and/or the DuMouchelle

2

Recovery reduces the Liability Amount to an amount that is less than the Settlement Amount, in which case, the Inheritance and any DuMouchelle Recovery would begin to also reduce the Settlement Amount.

This Inheritance payment obligation shall only continue until the earlier of the 7-Year Anniversary or that the Liability Amount is reduced to zero.

5. **Nondischargeability of Settlement Amount.** Solely for purposes of settlement and implementation of this Agreement, and without any admission of liability, wrongdoing, fraud, false pretenses, misrepresentation, or any element of 11 U.S.C. §523(a)(2)(A), Adducci stipulates that the Court may determine that the Liability Amount of $2,862,715.00 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). The Parties acknowledge that this stipulation is entered solely as part of a compromise of disputed claims and shall not constitute or be construed as a factual finding or admission by Adducci of fraud, false pretenses, or misrepresentation.

6. **Annual Disclosures.** Adducci shall provide on May 1 of each year, her most recently filed federal income tax return and W-2s and 1099s for the previous year (the "Annual Disclosures"), until such time as the 7-Year Anniversary has expired.

7. **Collection Law Applicable.** Nothing in this Agreement shall be construed so as to expand Gelov's rights of collection beyond applicable federal, state or other applicable laws.

8. **No Admission.** Entering into this Agreement is merely a compromise of the Parties' claims and defenses and it shall not be deemed an admission of any wrongdoing by Adducci. Moreover, this Agreement shall not be deemed an admission, by either Party, as to the strength or weakness of the Parties' claims and defenses, but merely a compromise in lieu of continuing litigation.

9. **Uncured Default.** If Adducci has failed to cure any of the following defaults within 14 days of the date that a notice of default is emailed to Adducci via her counsel of record in the Adversary Proceeding, the following shall be deemed an occurrence of an uncured default ("Uncured Default"):

   a. The failure to produce the Annual Disclosures each year that this Agreement and her obligations hereunder are in effect;

   b. The failure to make any Installment Payment by the 15th day of any given month.

   c. The failure to report and turn over, upon receipt, any Inheritance.

   d. The failure to resume the Installment Payments on the 15th day of the first month following the date of dismissal of a Future Bankruptcy (as defined in paragraph 11.a below) where: (i) a Future Bankruptcy is a case under chapter 11 or 12 of the Bankruptcy Code that is dismissed and closed without confirmation of a plan, or

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

(ii) a Future Bankruptcy is a case under chapter 7 or 13 of the Bankruptcy Code that is dismissed and closed without entry of an order discharging Adducci's debts.

e. The failure to resume the Installment Payments on the 15th day of the first month following dismissal of, or conversion to chapter 7 of the Bankruptcy Code of, a Future Bankruptcy filed under chapter 11, 12, or 13 of the Bankruptcy Code that occurs as a result of a default under a confirmed plan.

f. The issuance of more than 2 default notices within any consecutive twelve month period shall be deemed an Uncured Default without requiring Gelov to provide any further notice of opportunity to cure.

10. **Remedies Upon an Uncured Default.**

a. In the event of an Uncured Default, Gelov may file a motion to reopen the Adversary Proceeding which shall include an affidavit of default in order to reopen the Adversary Proceeding for entry of the pocket consent judgment in the form attached hereto as **Exhibit 1** (the "Pocket Consent Judgment"), which the amount of the Pocket Consent Judgment shall be deemed non-dischargeable against Adducci, including in any subsequent bankruptcy proceeding of Adducci. Such Judgment shall be held in escrow by Gelov's counsel, unless and until an Uncured Default has occurred.

b. With respect to Gelov's motion for entry of the Pocket Consent Judgment, the only issues that may be litigated by the Parties are (i) the calculation of the Liability Amount less the Liability Payments set forth in an affidavit of default filed by Gelov and (ii) whether a default has in fact occurred. Adducci shall have 14 days from the date of service of an affidavit of default to file such objection.

c. Gelov shall calculate the amount of the Pocket Consent Judgment by subtracting from the Liability Amount the Liability Payments, which comprise: (a) all Installment Payments (or partial Installment Payments) received by Gelov; (b) any Inheritance Adducci received and turned over to Gelov; and (c) any DuMouchelle Recovery paid to and received by Gelov (the "Final Judgment Amount").

d. The Final Judgment Amount shall accrue interest, beginning upon the date of its entry, at a rate of 12 percent compounded annually and Gelov shall be entitled to all attorneys' fees and costs related to collection under it.

11. **Remedies in a Future Bankruptcy Proceeding.**

a. **No Uncured Default Has Occurred.** In the event of a future voluntary or involuntary bankruptcy filing or filings under Title 11 of the United States Code (a "Future Bankruptcy") by or against Adducci, if no Uncured Default has occurred, Adducci shall grant Gelov an allowed general unsecured claim that is nondischargeable in the amount of the Settlement Amount less credit for

4

Installment Payments received by Gelov. Additionally, Gelov may file in a Future Bankruptcy a copy of the Court's order approving this Agreement and Adducci may satisfy this Agreement (i) by continuing to make timely Installment Payments if a Future Bankruptcy is filed under chapter 7 of the Bankruptcy Code until the Settlement Amount has been paid in full; or (ii) if a case is filed under or converted to chapter 11, 12, or 13, then after obtaining a discharge under chapter 11, 12 or 13 of the Bankruptcy Code, Adducci resumes making the Installment Payments on the 15th of the month following the date of entry of such discharge order until the later of the date the Settlement Amount has been satisfied or the 7-Year Anniversary; (iii) if in a Future Bankruptcy, by operation of law or entry of a turnover order the Inheritance becomes property of a Future Bankruptcy estate, Adducci's obligations to turn over the Inheritance to Gelov shall terminate. If an Uncured Default occurs after a Future Bankruptcy while the case is open, subject only to the limitations of subparagraph (i), (ii) or (iii) contained in this Paragraph 11.a., Gelov may file an affidavit of default and obtain entry of a nondischargeability judgment in a Future Bankruptcy for the Liability Amount less the Liability Payments made in the form attached hereto as **Exhibit 2** (the "Post-Bankruptcy Pocket Consent Judgment"). In the event that an Uncured Default (subject to the limitations in (i) through (iii) in this paragraph 11.a.) occurs after a Future Bankruptcy case is dismissed or closed (with or without Adducci receiving a discharge), Gelov may file a motion to either reinstate the dismissed Future Bankruptcy case or to reopen the closed Future Bankruptcy case (whichever applies) accompanied by an affidavit of default and may seek entry of the Post-Bankruptcy Pocket Consent Judgment.

b. **Uncured Default Before a Future Bankruptcy without Pocket Consent Judgment.** In the event that an Uncured Default has occurred before a Future Bankruptcy has been filed but the Pocket Consent Judgment has not been entered by the Court in the Adversary Proceeding before the petition date of a Future Bankruptcy, Plaintiff may seek entry of the Post-Bankruptcy Pocket Consent Judgment of nondischargeability for the Liability Amount less Liability Payments received in such Future Bankruptcy upon filing an affidavit of default in a Future Bankruptcy.

c. **Calculation of the Post-Bankruptcy Consent Judgment.** Gelov shall calculate the amount of the Post-Bankruptcy Pocket Consent Judgment by subtracting from the Liability Amount the Liability Payments, which comprise: (a) all Installment Payments (or partial Installment Payments) received by Gelov; (b) any Inheritance Adducci received and turned over to Gelov; and (c) any DuMouchelle Recovery paid to and received by Gelov.

d. **Adducci's Right to Contest the Judgment Amount.** In the event that Gelov seeks entry of the Post-Bankruptcy Pocket Consent Judgment, Adducci shall have 14 days from the date of Gelov's service of such affidavit to contest whether a default has occurred and the calculation of the amount of the Post-Bankruptcy Pocket Consent Judgment.

5

12. **Full Mutual Release.** Effective upon execution and delivery of this Agreement, other than the obligations created hereunder, any and all claims by and between Adducci and Gelov, and each party's heirs, agents, employees, assigns, are hereby fully released, waived, and discharged, except for the obligations of Adducci to Gelov, set forth herein. This release does not apply to Gelov's claims against DuMouchelle or DuMouchelle Jewellers, and this Agreement shall have no effect upon the judgments and claims that Gelov has against DuMouchelle or DuMouchelle Jewellers, except that any amount paid by Adducci hereunder shall reduce the amount owed to Gelov by either or both DuMouchelle or DuMouchelle Jewellers.

13. **No Waiver.** Unless expressly agreed to in writing and signed by the Party against whom a waiver would be enforced, no failure or delay by any Party in exercising any right, power, or remedy under this Agreement shall operate as a waiver, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of the same or the exercise of any other right, power, or remedy.

14. **Stipulated Order.** Upon the Court's approval of this Agreement, the Parties shall enter into the Stipulated Order of Dismissal without Prejudice, in the form attached hereto as **Exhibit 3**. Provided that no Uncured Default has occurred and no Post-Bankruptcy Pocket Consent Judgment or Pocket Consent Judgment has been entered, then on the later of the date that Adducci completes payment of the Settlement Amount or the 7-Year Anniversary, the parties may stipulate to or, either party may file a motion for entry of an order dismissing the Adversary Proceeding with prejudice.

15. **Notices and Payments.**

Notices to Adducci shall be sent to:

Mail to:   Melinda Adducci
PO Box 3223
Palm Beach, FL 33480

With a copy to:
Patrick Foley electronically to pafoley@foleypc.com

Notices or payments to Gelov shall be sent to:

Ted Gelov
14390 Clay Terrace Blvd., Ste. 205
Carmel, IN 46032

With a copy to:
Jay Welford and Kim Ross Clayson electronically to: jwelford@taftlaw.com
and kclayson@taftlaw.com

6

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

16. **Entire Agreement.** This Agreement constitutes the entire understanding of the Parties with respect to the subject matter hereof, and any modifications or amendments to this Agreement must be in writing and signed by the Party to be charged in order to be effective. This Agreement may not be contradicted by prior, contemporaneous, or subsequent oral agreements. All prior and contemporaneous oral agreements, if any, between the parties are merged into this Agreement and do not survive this Agreement's execution.

17. **Advice of Counsel.** The Parties acknowledge that each has had the opportunity to seek and rely upon the advice of counsel in the negotiation and execution of this Agreement.

18. **Drafting Provision.** This Agreement is entered into by sophisticated Parties and upon the advice of their counsel. This Agreement was mutually drafted by the Parties, and any ambiguities in this Agreement shall not be interpreted or construed for or against any particular Party.

19. **Severability and Invalidity.** Each of the Parties hereto intends and believes that each provision of this Agreement comports with all applicable local, state and federal laws. However, if any provision or provisions, or any portion of any provision or provisions, of this Agreement is found by a court of competent jurisdiction to be in violation of any applicable local, state or federal ordinance, statute, law administrative decision, or public policy, or if such court should declare such portion, provision or provisions of this Agreement to be illegal, invalid, unlawful, void or unenforceable as written, it is the intent of each of the Parties hereto that any such portion, provision or provisions shall be given force to the fullest possible extent that such provision(s) are legal, valid and enforceable, that the remainder of this Agreement shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained herein, and that the rights, obligations, and interests of the Parties hereto under the remainder of the Agreement shall continue in full force and effect.

20. **Headings.** All headings are inserted for convenience and do not affect this Agreement's construction or interpretation.

21. **Counterparts.** This Agreement may be executed in several counterparts, each of which shall constitute an original, so that all of which taken together shall constitute one and the same instrument. Signatures transmitted by facsimile or electronic scan shall be considered as one and the same as an original signature.

22. **Binding Effect.** This Agreement is binding on each Party and their respective successors, assigns, heirs, and personal representatives.

23. **Successors.** This Agreement shall inure to the benefit of and may be enforced by the Parties hereto and their respective heirs, executors, administrators, personal representatives, and assigns.

24. **Costs and Attorney's Fees.** The Parties shall each bear their own fees and costs, including attorney's fees, associated with the negotiation and execution of this Agreement.

25. **Choice of Law.** This Agreement is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of Michigan and shall be in all respects governed, construed, applied and enforced in accordance with the laws of the State of Michigan irrespective of its conflict of law provisions.

26. **Jurisdiction.** To the extent a dispute arises under this Agreement, it shall be determined by the Court.

**AGREED AND ACCEPTED:**

**TEODOR GELOV**

Dated: April 29, 2026

**MELINDA ADDUCCI**

Dated: 4/23/2026

8

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

**EXHIBIT 1**

Consent Judgment

[See attached]

9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re: Joseph G. DuMouchelle and
Melinda J. Adducci

               Debtors.

_____/

Teodor Gelov,

    Plaintiff,

v.

Melinda J. Adducci,

    Defendant.

_____/

Chapter 7
Case No. 19-54531
Honorable Lisa Gretchko

Adversary Pro. No. 20-04172

## CONSENT JUDGMENT OF NONDISCHARGEABILITY

This matter having come before the Court upon the *Motion to Reopen Adversary Proceeding for Entry of Consent Judgment of Nondischargeability* [ECF No. ___] (the "Motion"); for the reasons stated in the Motion and Plaintiff's Affidavit attached thereto, no timely objection was filed by Defendant, Melinda Adducci, as to the calculation of a judgment amount; and the Court having read same and being otherwise fully apprised of the matter;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff is hereby granted a nondischargeable judgment against Defendant in the amount of Two Million Eight Hundred Sixty Two Thousand Seven Hundred and Fifteen and 00/100 Dollars ($2,862,715.00) less (a) all Installment Payments (or partial Installment

10

Payments) received by Plaintiff of $_____; (b) Inheritance received and paid over to Plaintiff of $_____; and (c) the DuMouchelle Recovery paid over and received by Plaintiff of $_____ (as those terms are defined in a Settlement Agreement dated April __, 2026 between Plaintiff and Defendant), as set forth in the Motion, for a total judgment amount of $_____ (the "Judgment").

IT IS FURTHER ORDERED that this Judgment shall accrue interest at the rate of twelve percent (12%) per annum compounded annually, until paid in full.

IT IS FURTHER ORDERED that Plaintiff shall be entitled to all reasonable attorney fees and costs incurred, related to entry and collection of this Judgment.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce the terms of this Judgment.

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

**EXHIBIT 2**

Post-Bankruptcy Consent Judgment

[See attached]

12

## [INSERT BANKRUPTCY CASE CAPTION]

## <u>CONSENT JUDGMENT OF NONDISCHARGEABILITY</u>

THIS MATTER having come before the Court upon Plaintiff's *Motion for Entry of Consent Judgment of Nondischargeability* [INSERT DOCKET NUMBER] (the "<u>Motion</u>"); for the reasons stated in the Motion and Plaintiff's Affidavit attached thereto; and the Court having read same and being otherwise fully apprised of the matter;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff is hereby granted a nondischargeable judgment against Defendant in the amount of Two Million Eight Hundred Sixty Two Thousand Seven Hundred and Fifteen and 00/100 Dollars ($2,862,715.00) less (a) all Installment Payments (or partial Installment Payments) received by Plaintiff of $_____; (b) Inheritance received and paid over to Plaintiff of $_____; and (c) the DuMouchelle Recovery paid over and received by Plaintiff of $_____ (as those terms are defined in a Settlement Agreement dated April ___, 2026 between Plaintiff and Defendant), as set forth in the Motion, for a total judgment amount of $_____ (the "<u>Judgment</u>").

IT IS FURTHER ORDERED that this Judgment shall accrue interest at the rate of twelve percent (12%) per annum compounded annually, until paid in full.

13

IT IS FURTHER ORDERED that Plaintiff shall be entitled to all reasonable attorney fees and costs incurred, related to entry and collection of this Judgment.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce the terms of this Judgment.

14

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re: Joseph G. DuMouchelle and
Melinda J. Adducci

Chapter 7
Case No. 19-54531

Debtors.

Honorable Lisa Gretchko

_____/

Teodor Gelov,

      Plaintiff,

v.

Melinda J. Adducci,

Adversary Pro. No. 20-04172

      Defendant.

_____/

## STIPULATION FOR ENTRY OF ORDER DISMISSING ADVERSARY PROCEEDING WITHOUT PREJUDICE

Plaintiff and Defendant, through their undersigned counsel (the "Parties"), hereby submit this *Stipulation for Entry of Order Dismissing Adversary Proceeding Without Prejudice* (the "Stipulation") and state as follows:

WHEREAS, the Parties have entered into a Settlement Agreement and Limited Mutual Release dated April __, 2026 (the "Settlement Agreement") that provides for certain payment terms over a period of years and other obligations; and

WHEREAS, pursuant to the terms of the Settlement Agreement, the Parties have agreed to dismiss this adversary proceeding without prejudice and without costs to any of the Parties, subject to its reopening upon an Uncured Default having

15

occurred under the terms of the Settlement Agreement (as that term is defined thereunder); and

WHEREAS, the Parties agree that this Court shall retain jurisdiction over the enforcement of the Settlement Agreement including the entry of a judgment in the event of an Uncured Default, until such time as Defendant has fulfilled her obligations under the Settlement Agreement; and

WHEREAS, the Parties agree that until Defendant has fulfilled her obligations under the Settlement Agreement, dismissal without prejudice is appropriate and dismissal may be converted to a dismissal with prejudice upon the completion of Defendant's obligations under the Settlement Agreement;

NOW THEREFORE, the Parties agree to entry of the proposed *Order Dismissing Adversary Proceeding Without Prejudice* attached hereto as **Exhibit A**.

**STIPULATED AND AGREED TO:**

| **JOHN R. FOLEY, P.C.** | **TAFT STETTINIUS & HOLLISTER LLP** |
|---|---|
| */s/ Patrick A. Foley* | */s/ Kimberly Ross Clayson* |
| Patrick A. Foley (P74323) | Kimberly Ross Clayson (P69804) |
| 18572 W. Outer Drive | Jay L. Welford (P34471) |
| Dearborn, MI 48128 | 27777 Franklin Road, Suite 2500 |
| 313-274-7377 | Southfield, MI 48034 |
| pafoley@jrfpc.net | (248) 351-3000 |
| | kclayson@taftlaw.com |
| *Attorneys for Defendant* | jwelford@taftlaw.com |
| *Melinda Adducci* | |
| | *Attorneys for Plaintiff, Teodor Gelov* |
| Dated: | |

16

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

**EXHIBIT A**

Order Dismissing Adversary Proceeding Without Prejudice

[See attached]

17

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re: Joseph G. DuMouchelle and
Melinda J. Adducci                       Chapter 7
                                      Case No. 19-54531
       Debtors.                   Honorable Lisa Gretchko

_____/

Teodor Gelov,

       Plaintiff,

v.

Melinda J. Adducci,                        Adversary Pro. No. 20-04172

       Defendant.

_____/

## ORDER DISMISSING ADVERSARY
## PROCEEDING WITHOUT PREJUDICE

THIS MATTER having come before this Court upon the *Stipulation for Entry of Order Dismissing Adversary Proceeding Without Prejudice* (the "Stipulation") by and between Plaintiff, Teodor Gelov, and Defendant, Melinda J. Adducci (each individually, a "Party" or together, the "Parties"); and the Court having reviewed the Stipulation and finding good cause for entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The above captioned adversary proceeding is dismissed without prejudice and without costs to either Party.

18

2.    The Court hereby retains jurisdiction to enforce and to interpret this Order and the Parties' Settlement Agreement, including for the entry of any future judgment consistent with the terms of the Settlement Agreement.

3.    Upon the passing of the 7-Year Anniversary (as defined in the Settlement Agreement), assuming there is no uncured default at the time, Plaintiff shall prepare and file a stipulation dismissing this Adversary Proceeding with prejudice.

19

## SETTLEMENT AGREEMENT AND LIMITED MUTUAL RELEASE

This Settlement Agreement and Limited Mutual Release (the "Agreement") is entered into this ___ day of April, 2026, between Melinda Adducci ("Adducci") and Teodor Gelov ("Gelov", and collectively with Adducci, the "Parties" and each sometimes referred to individually as a "Party").

_April 29, 2026_

## RECITALS

WHEREAS, Adducci filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 11, 2019 (the "Petition Date") jointly with her husband, Joseph DuMouchelle ("DuMouchelle" and together with Adducci, the "Debtors"), Case Number 19-54531-lsg, in the United States Bankruptcy Court for the Eastern District of Michigan (the "Court"); and

WHEREAS, prior to the Petition Date, the Debtors and Joseph DuMouchelle Fine & Estate Jewellers, LLC ("DuMouchelle Jewellers") entered into a promissory note transaction with Gelov which became the source of certain claims by which Gelov initiated an adversary proceeding against the Debtors objecting to the dischargeability of Gelov's claims against the DuMouchelle Parties, Case Number 20-04172-lsg (the "Adversary Proceeding"); and

WHEREAS, DuMouchelle was previously dismissed from the Adversary Proceeding due to the fact that DuMouchelle waived his bankruptcy discharge; and

WHEREAS, after the Parties have considered the claims and defenses and the risks attendant to the balance of the litigation related to Adducci, the Parties agreed to enter into this Agreement;

NOW, THEREFORE, in consideration of the mutual promises and obligations contained herein, the Parties agree to be legally bound as follows:

## AGREEMENT

1. **Recitals.** Each of the Recitals set forth in this Agreement are true and correct and incorporated in their entirety herein.

2. **Liability Amount.** Subject to court approval of this Agreement, Gelov's nondischargeability claim in the amount of $2,862,715.00 (the "Liability Amount") shall be settled according to the terms of this Agreement.

3. **Settlement Amount and Monthly Payment.** Adducci shall pay the amount of Eighty Four Thousand and 00/100 Dollars ($84,000.00) (the "Settlement Amount") to Gelov through consecutive monthly payments of One Thousand and 00/100 Dollars ($1,000.00) each ("Installment Payment(s)"), until the Settlement Amount has been fully paid, subject to the following terms:

   a. Adducci shall make the first Installment Payment such that it is received on or before the 15th of the month immediately following the date of the Court's entry of an order approving the Agreement (the "First Installment Due Date"). Each

1

Installment Payment thereafter shall be paid each and every subsequent month such that it is received on or before the 15th of every month (the "Payment Due Date"). Each Installment Payment shall be sent to the following address: Attn: Ted Gelov, 14390 Clay Terrace Blvd., Suite 205, Carmel, IN 46032.

b. Once the Settlement Amount has been paid in full, Gelov's claims against Adducci shall be fully settled, except only and specifically that the Inheritance provision outlined in Paragraph 4, below, shall continue until the 7-Year Anniversary, as defined in Paragraph 4, regardless of Gelov having been paid the Settlement Amount in full. However, once the Settlement Amount has been paid in full and the 7-Year Anniversary has expired, any entitlement by Gelov to the Inheritance and any obligations of Adducci related to the Inheritance, as well as any other obligations of Adducci under this Agreement, such as the Annual Disclosures (defined below), will extinguish in full.

c. Adducci may pre-pay Installment Payments, to be applied against the Settlement Amount without penalty, however, any pre-paid Installment Payments shall not excuse any future Installment Payment obligation, until such time as the Settlement Amount is paid in full. Notwithstanding, Adducci may make advance Installment Payments provided she has designated such Installment Payments as an advance of one or more Installment Payments for a specified month or months.

4. **Inheritance and DuMouchelle Recovery.** In addition to Adducci's payment of the Settlement Amount, in the event that on or before the seventh (7th) year anniversary date of the First Installment Due Date (the "7-Year Anniversary"), Adducci directly inherits or receives an amount of money or value that is the result of any distribution, transfer, payment of funds, assignment or disavowment of inheritance by DuMouchelle, related to the estates and trusts of Mary Jo DuMouchelle and/or Lawrence DuMouchelle, including any payments received by Adducci from such estates or trusts by or through DuMouchelle, or any of the Debtors' legal entities, relatives or affiliates, that would otherwise have been inherited by and paid to DuMouchelle (the "Inheritance"), then Adducci shall immediately disclose such Inheritance and upon receipt of the same, promptly turn over the Inheritance to Gelov. For avoidance of doubt, the term "Inheritance" shall apply only to property or value that Adducci personally receives from the estates of Mary Jo DuMouchelle or Lawrence DuMouchelle, whether directly or by assignment from Joseph DuMouchelle.

Any Inheritance paid to Gelov shall be credited against the Liability Amount. Any amount that Gelov collects from DuMouchelle voluntarily or by virtue of any private collection or government restitution actions (a "DuMouchelle Recovery," and together with the Inheritance, the DuMouchelle Recovery and the Installment Payments, the "Liability Payments") shall reduce the Liability Amount.

However, any Inheritance and any DuMouchelle Recovery that Gelov receives shall not reduce the Settlement Amount or otherwise excuse any Installment Payment, when due, except to the extent that the payment of any Inheritance and/or the DuMouchelle

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

Recovery reduces the Liability Amount to an amount that is less than the Settlement Amount, in which case, the Inheritance and any DuMouchelle Recovery would begin to also reduce the Settlement Amount.

This Inheritance payment obligation shall only continue until the earlier of the 7-Year Anniversary or that the Liability Amount is reduced to zero.

5. **Nondischargeability of Settlement Amount.** Solely for purposes of settlement and implementation of this Agreement, and without any admission of liability, wrongdoing, fraud, false pretenses, misrepresentation, or any element of 11 U.S.C. §523(a)(2)(A), Adducci stipulates that the Court may determine that the Liability Amount of $2,862,715.00 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). The Parties acknowledge that this stipulation is entered solely as part of a compromise of disputed claims and shall not constitute or be construed as a factual finding or admission by Adducci of fraud, false pretenses, or misrepresentation.

6. **Annual Disclosures.** Adducci shall provide on May 1 of each year, her most recently filed federal income tax return and W-2s and 1099s for the previous year (the "Annual Disclosures"), until such time as the 7-Year Anniversary has expired.

7. **Collection Law Applicable.** Nothing in this Agreement shall be construed so as to expand Gelov's rights of collection beyond applicable federal, state or other applicable laws.

8. **No Admission.** Entering into this Agreement is merely a compromise of the Parties' claims and defenses and it shall not be deemed an admission of any wrongdoing by Adducci. Moreover, this Agreement shall not be deemed an admission, by either Party, as to the strength or weakness of the Parties' claims and defenses, but merely a compromise in lieu of continuing litigation.

9. **Uncured Default.** If Adducci has failed to cure any of the following defaults within 14 days of the date that a notice of default is emailed to Adducci via her counsel of record in the Adversary Proceeding, the following shall be deemed an occurrence of an uncured default ("Uncured Default"):

   a. The failure to produce the Annual Disclosures each year that this Agreement and her obligations hereunder are in effect;

   b. The failure to make any Installment Payment by the 15th day of any given month.

   c. The failure to report and turn over, upon receipt, any Inheritance.

   d. The failure to resume the Installment Payments on the 15th day of the first month following the date of dismissal of a Future Bankruptcy (as defined in paragraph 11.a below) where: (i) a Future Bankruptcy is a case under chapter 11 or 12 of the Bankruptcy Code that is dismissed and closed without confirmation of a plan, or

3

(ii) a Future Bankruptcy is a case under chapter 7 or 13 of the Bankruptcy Code that is dismissed and closed without entry of an order discharging Adducci's debts.

e.  The failure to resume the Installment Payments on the 15th day of the first month following dismissal of, or conversion to chapter 7 of the Bankruptcy Code of, a Future Bankruptcy filed under chapter 11, 12, or 13 of the Bankruptcy Code that occurs as a result of a default under a confirmed plan.

f.  The issuance of more than 2 default notices within any consecutive twelve month period shall be deemed an Uncured Default without requiring Gelov to provide any further notice of opportunity to cure.

10. **Remedies Upon an Uncured Default.**

a.  In the event of an Uncured Default, Gelov may file a motion to reopen the Adversary Proceeding which shall include an affidavit of default in order to reopen the Adversary Proceeding for entry of the pocket consent judgment in the form attached hereto as **Exhibit 1** (the "Pocket Consent Judgment"), which the amount of the Pocket Consent Judgment shall be deemed non-dischargeable against Adducci, including in any subsequent bankruptcy proceeding of Adducci. Such Judgment shall be held in escrow by Gelov's counsel, unless and until an Uncured Default has occurred.

b.  With respect to Gelov's motion for entry of the Pocket Consent Judgment, the only issues that may be litigated by the Parties are (i) the calculation of the Liability Amount less the Liability Payments set forth in an affidavit of default filed by Gelov and (ii) whether a default has in fact occurred. Adducci shall have 14 days from the date of service of an affidavit of default to file such objection.

c.  Gelov shall calculate the amount of the Pocket Consent Judgment by subtracting from the Liability Amount the Liability Payments, which comprise: (a) all Installment Payments (or partial Installment Payments) received by Gelov; (b) any Inheritance Adducci received and turned over to Gelov; and (c) any DuMouchelle Recovery paid to and received by Gelov (the "Final Judgment Amount").

d.  The Final Judgment Amount shall accrue interest, beginning upon the date of its entry, at a rate of 12 percent compounded annually and Gelov shall be entitled to all attorneys' fees and costs related to collection under it.

11. **Remedies in a Future Bankruptcy Proceeding.**

a.  **No Uncured Default Has Occurred.** In the event of a future voluntary or involuntary bankruptcy filing or filings under Title 11 of the United States Code (a "Future Bankruptcy") by or against Adducci, if no Uncured Default has occurred, Adducci shall grant Gelov an allowed general unsecured claim that is nondischargeable in the amount of the Settlement Amount less credit for

Installment Payments received by Gelov. Additionally, Gelov may file in a Future Bankruptcy a copy of the Court's order approving this Agreement and Adducci may satisfy this Agreement (i) by continuing to make timely Installment Payments if a Future Bankruptcy is filed under chapter 7 of the Bankruptcy Code until the Settlement Amount has been paid in full; or (ii) if a case is filed under or converted to chapter 11, 12, or 13, then after obtaining a discharge under chapter 11, 12 or 13 of the Bankruptcy Code, Adducci resumes making the Installment Payments on the 15th of the month following the date of entry of such discharge order until the later of the date the Settlement Amount has been satisfied or the 7-Year Anniversary; (iii) if in a Future Bankruptcy, by operation of law or entry of a turnover order the Inheritance becomes property of a Future Bankruptcy estate, Adducci's obligations to turn over the Inheritance to Gelov shall terminate. If an Uncured Default occurs after a Future Bankruptcy while the case is open, subject only to the limitations of subparagraph (i), (ii) or (iii) contained in this Paragraph 11.a., Gelov may file an affidavit of default and obtain entry of a nondischargeability judgment in a Future Bankruptcy for the Liability Amount less the Liability Payments made in the form attached hereto as **Exhibit 2** (the "Post-Bankruptcy Pocket Consent Judgment"). In the event that an Uncured Default (subject to the limitations in (i) through (iii) in this paragraph 11.a.) occurs after a Future Bankruptcy case is dismissed or closed (with or without Adducci receiving a discharge), Gelov may file a motion to either reinstate the dismissed Future Bankruptcy case or to reopen the closed Future Bankruptcy case (whichever applies) accompanied by an affidavit of default and may seek entry of the Post-Bankruptcy Pocket Consent Judgment.

b. **Uncured Default Before a Future Bankruptcy without Pocket Consent Judgment.** In the event that an Uncured Default has occurred before a Future Bankruptcy has been filed but the Pocket Consent Judgment has not been entered by the Court in the Adversary Proceeding before the petition date of a Future Bankruptcy, Plaintiff may seek entry of the Post-Bankruptcy Pocket Consent Judgment of nondischargeability for the Liability Amount less Liability Payments received in such Future Bankruptcy upon filing an affidavit of default in a Future Bankruptcy.

c. **Calculation of the Post-Bankruptcy Consent Judgment.** Gelov shall calculate the amount of the Post-Bankruptcy Pocket Consent Judgment by subtracting from the Liability Amount the Liability Payments, which comprise: (a) all Installment Payments (or partial Installment Payments) received by Gelov; (b) any Inheritance Adducci received and turned over to Gelov; and (c) any DuMouchelle Recovery paid to and received by Gelov.

d. **Adducci's Right to Contest the Judgment Amount.** In the event that Gelov seeks entry of the Post-Bankruptcy Pocket Consent Judgment, Adducci shall have 14 days from the date of Gelov's service of such affidavit to contest whether a default has occurred and the calculation of the amount of the Post-Bankruptcy Pocket Consent Judgment.

5

12. **Full Mutual Release.** Effective upon execution and delivery of this Agreement, other than the obligations created hereunder, any and all claims by and between Adducci and Gelov, and each party's heirs, agents, employees, assigns, are hereby fully released, waived, and discharged, except for the obligations of Adducci to Gelov, set forth herein. This release does not apply to Gelov's claims against DuMouchelle or DuMouchelle Jewellers, and this Agreement shall have no effect upon the judgments and claims that Gelov has against DuMouchelle or DuMouchelle Jewellers, except that any amount paid by Adducci hereunder shall reduce the amount owed to Gelov by either or both DuMouchelle or DuMouchelle Jewellers.

13. **No Waiver.** Unless expressly agreed to in writing and signed by the Party against whom a waiver would be enforced, no failure or delay by any Party in exercising any right, power, or remedy under this Agreement shall operate as a waiver, nor shall any single or partial exercise of any such right, power, or remedy preclude any other or further exercise of the same or the exercise of any other right, power, or remedy.

14. **Stipulated Order.** Upon the Court's approval of this Agreement, the Parties shall enter into the Stipulated Order of Dismissal without Prejudice, in the form attached hereto as **Exhibit 3**. Provided that no Uncured Default has occurred and no Post-Bankruptcy Pocket Consent Judgment or Pocket Consent Judgment has been entered, then on the later of the date that Adducci completes payment of the Settlement Amount or the 7-Year Anniversary, the parties may stipulate to or, either party may file a motion for entry of an order dismissing the Adversary Proceeding with prejudice.

15. **Notices and Payments.**

Notices to Adducci shall be sent to:

Mail to:        Melinda Adducci
                PO Box 3223
                Palm Beach, FL 33480

With a copy to:
Patrick Foley electronically to pafoley@foleypc.com

Notices or payments to Gelov shall be sent to:

Ted Gelov
14390 Clay Terrace Blvd., Ste. 205
Carmel, IN 46032

With a copy to:
Jay Welford and Kim Ross Clayson electronically to: jwelford@taftlaw.com
and kclayson@taftlaw.com

6

16. **Entire Agreement.** This Agreement constitutes the entire understanding of the Parties with respect to the subject matter hereof, and any modifications or amendments to this Agreement must be in writing and signed by the Party to be charged in order to be effective. This Agreement may not be contradicted by prior, contemporaneous, or subsequent oral agreements. All prior and contemporaneous oral agreements, if any, between the parties are merged into this Agreement and do not survive this Agreement's execution.

17. **Advice of Counsel.** The Parties acknowledge that each has had the opportunity to seek and rely upon the advice of counsel in the negotiation and execution of this Agreement.

18. **Drafting Provision.** This Agreement is entered into by sophisticated Parties and upon the advice of their counsel. This Agreement was mutually drafted by the Parties, and any ambiguities in this Agreement shall not be interpreted or construed for or against any particular Party.

19. **Severability and Invalidity.** Each of the Parties hereto intends and believes that each provision of this Agreement comports with all applicable local, state and federal laws. However, if any provision or provisions, or any portion of any provision or provisions, of this Agreement is found by a court of competent jurisdiction to be in violation of any applicable local, state or federal ordinance, statute, law administrative decision, or public policy, or if such court should declare such portion, provision or provisions of this Agreement to be illegal, invalid, unlawful, void or unenforceable as written, it is the intent of each of the Parties hereto that any such portion, provision or provisions shall be given force to the fullest possible extent that such provision(s) are legal, valid and enforceable, that the remainder of this Agreement shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained herein, and that the rights, obligations, and interests of the Parties hereto under the remainder of the Agreement shall continue in full force and effect.

20. **Headings.** All headings are inserted for convenience and do not affect this Agreement's construction or interpretation.

21. **Counterparts.** This Agreement may be executed in several counterparts, each of which shall constitute an original, so that all of which taken together shall constitute one and the same instrument. Signatures transmitted by facsimile or electronic scan shall be considered as one and the same as an original signature.

22. **Binding Effect.** This Agreement is binding on each Party and their respective successors, assigns, heirs, and personal representatives.

23. **Successors.** This Agreement shall inure to the benefit of and may be enforced by the Parties hereto and their respective heirs, executors, administrators, personal representatives, and assigns.

7

24. **Costs and Attorney's Fees.** The Parties shall each bear their own fees and costs, including attorney's fees, associated with the negotiation and execution of this Agreement.

25. **Choice of Law.** This Agreement is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of Michigan and shall be in all respects governed, construed, applied and enforced in accordance with the laws of the State of Michigan irrespective of its conflict of law provisions.

26. **Jurisdiction.** To the extent a dispute arises under this Agreement, it shall be determined by the Court.

**AGREED AND ACCEPTED:**

**TEODOR GELOV**

DocuSigned by:

Teo Gelov

0EDA4AEDDE5242A...

Dated: April 29, 2026

**MELINDA ADDUCCI**

DocuSigned by:

863CED73890E460

Dated: 4/23/2026

8

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

# EXHIBIT 1

Consent Judgment

[See attached]

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re: Joseph G. DuMouchelle and
Melinda J. Adducci

           Debtors.

Chapter 7
Case No. 19-54531
Honorable Lisa Gretchko

_____/

Teodor Gelov,

        Plaintiff,

v.

Melinda J. Adducci,

        Defendant.

Adversary Pro. No. 20-04172

_____/

## CONSENT JUDGMENT OF NONDISCHARGEABILITY

This matter having come before the Court upon the *Motion to Reopen Adversary Proceeding for Entry of Consent Judgment of Nondischargeability* [ECF No. ___] (the "Motion"); for the reasons stated in the Motion and Plaintiff's Affidavit attached thereto, no timely objection was filed by Defendant, Melinda Adducci, as to the calculation of a judgment amount; and the Court having read same and being otherwise fully apprised of the matter;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff is hereby granted a nondischargeable judgment against Defendant in the amount of Two Million Eight Hundred Sixty Two Thousand Seven Hundred and Fifteen and 00/100 Dollars ($2,862,715.00) less (a) all Installment Payments (or partial Installment

10

Payments) received by Plaintiff of $_____; (b) Inheritance received and paid over to Plaintiff of $_____; and (c) the DuMouchelle Recovery paid over and received by Plaintiff of $_____ (as those terms are defined in a Settlement Agreement dated April __, 2026 between Plaintiff and Defendant), as set forth in the Motion, for a total judgment amount of $_____ (the "Judgment").

IT IS FURTHER ORDERED that this Judgment shall accrue interest at the rate of twelve percent (12%) per annum compounded annually, until paid in full.

IT IS FURTHER ORDERED that Plaintiff shall be entitled to all reasonable attorney fees and costs incurred, related to entry and collection of this Judgment.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce the terms of this Judgment.

11

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

**EXHIBIT 2**

Post-Bankruptcy Consent Judgment

[See attached]

12

**[INSERT BANKRUPTCY CASE CAPTION]**

## CONSENT JUDGMENT OF NONDISCHARGEABILITY

THIS MATTER having come before the Court upon Plaintiff's *Motion for Entry of Consent Judgment of Nondischargeability* [INSERT DOCKET NUMBER] (the "Motion"); for the reasons stated in the Motion and Plaintiff's Affidavit attached thereto; and the Court having read same and being otherwise fully apprised of the matter;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff is hereby granted a nondischargeable judgment against Defendant in the amount of Two Million Eight Hundred Sixty Two Thousand Seven Hundred and Fifteen and 00/100 Dollars ($2,862,715.00) less (a) all Installment Payments (or partial Installment Payments) received by Plaintiff of $_____; (b) Inheritance received and paid over to Plaintiff of $_____; and (c) the DuMouchelle Recovery paid over and received by Plaintiff of $_____ (as those terms are defined in a Settlement Agreement dated April __, 2026 between Plaintiff and Defendant), as set forth in the Motion, for a total judgment amount of $_____ (the "Judgment").

IT IS FURTHER ORDERED that this Judgment shall accrue interest at the rate of twelve percent (12%) per annum compounded annually, until paid in full.

13

IT IS FURTHER ORDERED that Plaintiff shall be entitled to all reasonable attorney fees and costs incurred, related to entry and collection of this Judgment.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce the terms of this Judgment.

14

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re: Joseph G. DuMouchelle and
Melinda J. Adducci

        Debtors.

Chapter 7
Case No. 19-54531
Honorable Lisa Gretchko

_____/

Teodor Gelov,

        Plaintiff,

v.

Melinda J. Adducci,

        Defendant.

Adversary Pro. No. 20-04172

_____/

## STIPULATION FOR ENTRY OF ORDER DISMISSING
## ADVERSARY PROCEEDING WITHOUT PREJUDICE

Plaintiff and Defendant, through their undersigned counsel (the "Parties"),
hereby submit this *Stipulation for Entry of Order Dismissing Adversary Proceeding
Without Prejudice* (the "Stipulation") and state as follows:

WHEREAS, the Parties have entered into a Settlement Agreement and
Limited Mutual Release dated April __, 2026 (the "Settlement Agreement") that
provides for certain payment terms over a period of years and other obligations; and

WHEREAS, pursuant to the terms of the Settlement Agreement, the Parties
have agreed to dismiss this adversary proceeding without prejudice and without
costs to any of the Parties, subject to its reopening upon an Uncured Default having

15

occurred under the terms of the Settlement Agreement (as that term is defined thereunder); and

WHEREAS, the Parties agree that this Court shall retain jurisdiction over the enforcement of the Settlement Agreement including the entry of a judgment in the event of an Uncured Default, until such time as Defendant has fulfilled her obligations under the Settlement Agreement; and

WHEREAS, the Parties agree that until Defendant has fulfilled her obligations under the Settlement Agreement, dismissal without prejudice is appropriate and dismissal may be converted to a dismissal with prejudice upon the completion of Defendant's obligations under the Settlement Agreement;

NOW THEREFORE, the Parties agree to entry of the proposed *Order Dismissing Adversary Proceeding Without Prejudice* attached hereto as **Exhibit A**.

**STIPULATED AND AGREED TO:**

| **JOHN R. FOLEY, P.C.** | **TAFT STETTINIUS & HOLLISTER LLP** |
|---|---|
| */s/ Patrick A. Foley* | */s/ Kimberly Ross Clayson* |
| Patrick A. Foley (P74323) | Kimberly Ross Clayson (P69804) |
| 18572 W. Outer Drive | Jay L. Welford (P34471) |
| Dearborn, MI 48128 | 27777 Franklin Road, Suite 2500 |
| 313-274-7377 | Southfield, MI 48034 |
| pafoley@jrfpc.net | (248) 351-3000 |
| | kclayson@taftlaw.com |
| *Attorneys for Defendant* | jwelford@taftlaw.com |
| *Melinda Adducci* | |
| | *Attorneys for Plaintiff, Teodor Gelov* |
| Dated: | |

16

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

**EXHIBIT A**

Order Dismissing Adversary Proceeding Without Prejudice

[See attached]

17

Docusign Envelope ID: 86240B93-6CFC-42B4-B4D9-76B3F3F336A6

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re: Joseph G. DuMouchelle and
Melinda J. Adducci

          Debtors.

                                        /

Teodor Gelov,

          Plaintiff,

v.

Melinda J. Adducci,

          Defendant.

                                        /

Chapter 7
Case No. 19-54531
Honorable Lisa Gretchko

Adversary Pro. No. 20-04172

## ORDER DISMISSING ADVERSARY
## PROCEEDING WITHOUT PREJUDICE

THIS MATTER having come before this Court upon the *Stipulation for Entry of Order Dismissing Adversary Proceeding Without Prejudice* (the "Stipulation") by and between Plaintiff, Teodor Gelov, and Defendant, Melinda J. Adducci (each individually, a "Party" or together, the "Parties"); and the Court having reviewed the Stipulation and finding good cause for entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The above captioned adversary proceeding is dismissed without prejudice and without costs to either Party.

18

2.      The Court hereby retains jurisdiction to enforce and to interpret this Order and the Parties' Settlement Agreement, including for the entry of any future judgment consistent with the terms of the Settlement Agreement.

3.      Upon the passing of the 7-Year Anniversary (as defined in the Settlement Agreement), assuming there is no uncured default at the time, Plaintiff shall prepare and file a stipulation dismissing this Adversary Proceeding with prejudice.

19